On Confession of Error

PER CURIAM.
The state concedes, and this court finds, that the trial court committed reversible error in finding the defendant guilty of criminal contempt in the absence of the defendant. Bradley v. State, 420 So.2d 417 (Fla. 1st DCA 1982). The contempt judgment and sentence are hereby reversed and the case is remanded for a show cause hearing with the defendant present.
Furthermore, the trial court erred in vacating the defendant's sentence on the original charge and entering a new sentence on that charge. While a defendant may be found guilty and sentenced for contempt due to failure to comply with the terms of the sentence imposed on the charges of which he was originally found guilty, the contempt punishment does not permit reconsideration of the sentence already imposed on the original charges. Hardwick v. State, 357 So.2d 265 (Fla. 3d DCA 1978). Resentencing the defendant on the same charge constituted a violation of double jeopardy. Troupe v. Rowe, 283 So.2d 857 (Fla.1973). Therefore, the original sentence must be reinstated.
Accordingly, we remand for reinstatement of the original sentence and for a hearing on the show cause issue.