PER CURIAM.
This is an appeal by the defendant Larry Coleman from judgments of conviction for (1) battery on a law enforcement officer [§ 784.07(2)(b), Fla.Stat. (1993) ], (2) resisting an officer with violence [§ 843.01, Fla.Stat. (1993) ], (3) two counts of corruption by threat against a public servant [§ 838.021, Fla.Stat. (1993)], and (4) escape [§ 944.40, Fla.Stat. (1993)], entered upon an adverse jury verdict, and sentences totaling twenty-five (25) years in the state penitentiary, to wit: ten years on count (1); five years on counts (2)-(4), to run consecutively with the sentence on count (1); and ten years on count (5) to run concurrently with the other counts. We affirm the judgments of conviction, but reverse the sentences.
First, there is no merit to the defendant’s argument that the defendant was denied his right to present witnesses in his defense at the trial below. The defense counsel was given reasonable notice of the trial sufficient to subpoena any defense witnesses to testify at the trial. Clearly, the trial court did not abuse its discretion when it proceeded with the trial without the defense witnesses being present. The defendant made no motion for a continuance and failed to proffer during trial what the absent defense witnesses would say. Under these circumstances, we fail to see how the defendant was deprived, as urged, of his sixth amendment right to present witnesses in his own behalf. See Smith v. State, 59 So.2d 625, 626 (Fla.1952); Fuller v. Rinebolt, 382 So.2d 1239, 1240 (Fla. 4th DCA 1980); Percznski v. State, 366 So.2d 863, 864 (Fla. 4th DCA 1979).
Second, we agree with the defendant — and, indeed, the state concedes — that the twenty-five (25) year total sentence imposed on the defendant as a habitual felony offender must be reversed because it violates the defendant’s constitutional guarantee against double jeopardy. Upon receipt of the jury verdict, the trial court immediately sentenced the defendant to a total of twenty (20) years in the state penitentiary, to wit: five years on counts (1) — (4), sentences to run consecutively; and ten years on count (5), sentence to run concurrently with the sentences imposed on counts (l)-(4). This sentence, which was within the sentencing guidelines range, was imposed without ruling at that time on the state’s request to sentence the defendant as a habitual felony offender. The trial court signed formal written adjudications of guilt and sentences, as stated above, in accord with its oral pronouncements in open court. Over two weeks later, the trial court conducted a second sentencing hearing and imposed the sentences appealed from as amended sentences after *178 declaring the defendant a habitual felony offender- — and in so doing increased the defendant’s total sentence to twenty-five (25) years in the state penitentiary. Clearly, the trial court lost jurisdiction over the defendant after having imposed the prior sentences total-ling twenty-years imprisonment, and the trial court’s subsequent effort to aggravate the prior sentence by increasing the number of years of imprisonment and declaring the defendant a habitual felony offender violated the defendant’s constitutional guarantee against double jeopardy. Troupe v. Rowe, 283 So.2d 857 (Fla.1973); Andrews v. State, 357 So.2d 489 (Fla. 1st DCA 1978); Flowers v. State, 351 So.2d 387 (Fla. 1st DCA 1977).
The final judgments of conviction appealed from are affirmed. The sentences imposed upon these convictions are reversed, and the cause is remanded to the trial court to reinstate the original. sentence imposed on the defendant upon receipt of the jury verdict, to wit: five years in the state penitentiary on counts (l)-(4), sentences to run consecutively; and ten years in the state penitentiary, sentence to run concurrently with the sentences imposed on counts (1) — (4)—which sentence shall be a sentencing guidelines sentence and not a habitual offender sentence.
Affirmed in part; reversed in part and remanded.