681 So.2d 929 (1996)
Joseph STRICKLAND, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-365.
District Court of Appeal of Florida, Third District.
October 30, 1996.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Michael J. Neimand and Sandra S. Jaggard, Assistant Attorneys General, and Alan A. Glenn, Legal Intern, for appellee.
Before BARKDULL, NESBITT and JORGENSON, JJ.
PER CURIAM.
Joseph Strickland appeals from a final order of the trial court which imposed additional medical expenses and lost wages as restitution after sentence had been entered on a voluntary plea. We reverse.
Strickland and the victim got into a fight and the victim was injured. Strickland entered a plea of guilty to the single charge of attempted aggravated battery and agreed to make restitution. At the sentencing hearing the assistant state attorney stated:
In the plea, the defendant agreed to medical bills and restitution. We would ask for $835 in restitution for medical bills. That is $73 for radiology, $277.72 to Florida Keys Health System, $185 to the Emergency Room physician and $330 to Atlantic Ambulance.
The court then went on to pronounce the judgment and sentence that adjudication would be withheld, Strickland would be placed on probation for a period of three years and the court would consider early termination of the probation when Strickland paid the restitution. The court then concluded the proceedings.
Approximately one hour later, the court held another hearing in the case, during which the victim testified that he had to have repairs made to a dental bridge as a result of the injuries caused by Strickland. He claimed $3370 for the dental bills and $768 for lost wages. Over objection by defense counsel, the court retained jurisdiction "on the remaining portion of the restitution". At a subsequent hearing, the court ordered *930 Strickland to pay $3708 as additional restitution ($3180 for the dental work and $528 as lost wages).
It is well established that where a lawful sentence has been imposed and the sentencing hearing concluded, it is a violation of the defendant's constitutional protection against double jeopardy to increase the sentence at a later time. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Troupe v. Rowe, 283 So.2d 857 (Fla. 1973); Coleman v. State, 645 So.2d 176 (Fla. 3d DCA 1994); Alvarez v. State, 561 So.2d 5 (Fla. 3d DCA 1990). See also Farber v. State, 409 So.2d 71, 73 (Fla. 3d DCA 1982) (bright line rule that sentence is "imposed" when sentencing hearing is concluded).
The state argues that dental bills are properly a part of medical expenses and, since Strickland agreed to pay restitution, the imposition of additional medical expenses did not violate the constitutional prohibition against double jeopardy because it was not a sentence enhancement. We disagree. At the first sentencing hearing the state asked that restitution be made for the victim's medical bills in the specific amount of $835. No indication was given by the state that there were any further expenses. No request was made for the court to retain jurisdiction to determine at a later time the amount of restitution Strickland would be obligated to make. It is clear from the record that everyone took the $835 figure as the final amount. Thus, once the sentencing hearing was over, Strickland's sentence was final and the state lost its ability to request restitution for the additional items.
The state conceded that it was error to request payment for lost wages because that expense was not agreed upon as part of the original plea agreement.
This cause is reversed and remanded to the trial court with directions to strike $3180 for dental expenses and $528 for lost wages from the final restitution order entered December 5, 1995.