745 So.2d 400 (1999)
Robert C. BUNCH, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1916.
District Court of Appeal of Florida, Fifth District.
October 22, 1999.
Rehearing Denied December 9, 1999.
Daniel S. Ciener and David J. Romett, of Law Firm of Daniel S. Ciener, Merritt Island, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
Robert C. Bunch appeals an order of restitution entered three days after the date of his sentencing. He contends that the trial court lacked jurisdiction to order restitution after he began serving his sentence. Alternatively, Bunch contends that the trial court erred by denying his motion to withdraw his plea agreement because it does not contain an agreement to pay restitution.
Charged with two counts of first degree murder, one count of attempted first degree murder, and one count of burglary, Bunch was adjudicated guilty and sentenced to two concurrent life sentences and two 40-year sentences after entering a plea of nolo contendere in consideration for the state agreeing not to seek the death penalty. Restitution was never discussed nor made a part of the written plea agreement or sentence.
Three days after sentencing, the state sought to amend the judgment to include a provision for restitution on behalf of one of the victims, Brian Furches. Furches also petitioned the court to enter a civil restitution lien pursuant to section 960.292(2), Florida Statutes (1997). During the hearing on the motions, Bunch argued that the court lacked jurisdiction to change or "increase" his sentences, that it would be double jeopardy to subject appellant to restitution, and that the notice on the restitution hearing was insufficient. The trial court rejected the arguments and awarded *401 restitution, the amount of which was determined at a subsequent hearing in order to allow Bunch sufficient time to prepare.
Furches suffered extensive internal injuries as a result of an incident in which Bunch, entering his wife's home without permission, shot and killed both her and her companion. As he was leaving the home, Bunch encountered Furches, his wife's nephew, on the back porch. Bunch shot Furches in the chest and in the back as the victim attempted to flee. Furches incurred medical expenses totaling almost $165,000 and the court imposed a restitution lien of $124,476.91.
Disagreeing with the restitution lien imposed by the court, Bunch attempted to withdraw his plea, contending that the restitution order violated his due process rights because he had not agreed to it in his plea agreement and he did not have a full understanding of the consequences of his plea. The trial court denied the motion finding that Bunch failed to prove that withdrawal was necessary to prevent a manifest injustice, and that he was on constructive notice of Florida's restitution statutes which the court regarded as remedial in nature rather than penal.
Bunch first submits that the trial court lacked jurisdiction to order restitution because restitution was not ordered on the day he was sentenced, and because he had already begun serving his sentence when it was imposed. A trial court, however, is not so time-limited. The Florida Supreme Court interpreted Florida's restitution statute[1] as it relates to Florida Rule of Criminal Procedure 3.800[2] and held that restitution may either be imposed at the time of sentencing or within sixty days thereafter. State v. Sanderson, 625 So.2d 471 (Fla.1993); see also § 960.292(2) ("The court shall retain continuing jurisdiction over the convicted offender for the sole purpose of entering civil restitution lien orders."); L.O. v. State, 718 So.2d 155 (Fla.1998); State v. Hiscox, 677 So.2d 862 (Fla. 2d DCA 1996). In the instant case, the trial court properly exercised its jurisdiction in entering an order of restitution only three days after the date on which appellant was sentenced, well within the sixty day time period of Rule 3.800. Cf. C.B. v. State, 647 So.2d 964 (Fla. 2d DCA 1994)(where the trial court did not order restitution or reserve jurisdiction to do so, and held a restitution hearing some four months later, the trial court could not modify its sentencing order to include restitution).
Bunch also contends that the restitution order violated his due process rights because he did not agree to restitution in his plea agreement and because the restitution requirement constitutes an "increase" in his sentence, an impermissible enhancement subjecting him to further punishment. The contention is based upon a misperception of the primary purpose of restitution. That purpose is to make victims of crime whole by restoring to them the value of that which they have lost as a result of the crime, rather than to punish the wrongdoer. J.O.S. v. State, 668 So.2d 1082 (Fla. 1st DCA 1996), approved, 689 So.2d 1061 (Fla.1997). See also *402 § 960.29(2)(b), Fla. Stat. (1997)("civil restitution lien act rests upon the principle of remediation and not punishment ..."); L.O. v. State, 718 So.2d 155 (Fla.1998)(the prime concerns underlying restitution is to give the perpetrator of a crime an opportunity to make amends, and to make the victim of a crime whole again); Rosero v. State, 668 So.2d 1114 (Fla. 4th DCA 1996) (civil restitution lien granted to crime victim pursuant to section 960.29, et. seq., was not "punishment" for purpose of double jeopardy analysis). Moreover, restitution is a mandated part of, not an enhancement to, sentencing, and the failure to impose restitution as part of a sentence results in an incomplete sentence that is subject to timely modification. See Grice v. State, 528 So.2d 1347 (Fla. 1st DCA 1988)(modification of sentence to require restitution as condition of probation did not increase defendant's sentence; restitution was mandated part of sentencing and thus, did not enhance sentence). See also State v. MacLeod, 600 So.2d 1096, 1098, n. 1 (Fla.1992)(approves of cases that characterize a sentence not imposing restitution as an incomplete sentence); Dailey v. State, 575 So.2d 237 (Fla. 2d DCA 1991)(sentence which did not include restitution or statement of reasons for the absence of restitution was incomplete and court could amend it to remedy that incompleteness).
We find the court's imposition of the civil restitution lien was consistent with Florida's civil restitution lien statute. §§ 960.29, et. seq., Fla. Stat. (1997). This statute, similar to Florida's criminal statute, requires that "[u]pon motion by the... crime victim ... the court in which the convicted offender is convicted shall enter civil restitution lien orders in favor of crime victims. ..." § 960.292(2), Fla. Stat. (1997). Accordingly, when Furches petitioned for a restitution lien following Bunch's conviction, and supported his claim with competent evidence of damages, the trial court properly entered the civil restitution lien.
AFFIRMED.
ANTOON, C.J., and COBB, J., concur.
NOTES
[1] § 775.089(1)(a), Fla. Stat. (1997), provides: (1)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for:

1. Damage or loss caused directly or indirectly the defendant's offense; and
2. Damage or loss related to the defendant's criminal episode, unless it finds clear and compelling reasons not to order such restitution.
* * *
(b)1. If the court does not order restitution, or orders restitution of only a portion of the damages, as provided in this section, it shall state on the record in detail the reasons therefor.
[2] Fla.R.Crim.P. 3.800(c) provides:

Rule 3.800. Correction, Reduction, and Modification of Sentences
(c) Reduction and Modification. A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within 60 days after such imposition,....