NORTHCUTT, Judge.
Theresa Graham pleaded guilty to a number of charges, including «two for grand theft[1] and one for obtaining property by a worthless check[2]. At her sentencing hearing, she objected to the court’s imposition of restitution in two of these cases, circuit court case numbers 98-12663 and 98-19222, because payment of restitution was not a part of her plea agreement. On appeal, she raises the same challenge to the restitution imposed in those cases. We affirm. Since 1984, when the restitution statute was amended to provide that the court “shall order the defendant to make restitution to the victim,” restitution is mandated, and the defendant is on notice that it will be considered as a part of every sentence. § 775.089(1)(a), Fla. Stat. (1997); see Dailey v. State, 575 So.2d 237 (Fla. 2d DCA 1991); Gilmore v. State, 479 So.2d 791 (Fla. 2d DCA 1985). The fact that a defendant’s plea agreement fails to mention restitution does not change this result. See Bunch v. State, 745 So.2d 400 (Fla. 5th DCA 1999).
We agree with Graham’s argument that the court erred when imposing restitution in the other case, circuit court case number 98-21169. It is clear from the transcript of the hearing that the victim did not want restitution, and that court had decided not to award restitution in that case. In addition, the State did not meet its burden of proving the amount of the victim’s loss. See Winborn v. State, 625 So.2d 977 (Fla. 2d DCA 1993). We reverse the restitution order in case number 98-21169.
Affirmed in part, reversed in part.
ALTENBERND, A.C.J., and CASANUEVA, J., Concur.

. § 812.014(2)(c)1, Fla. Slat. (1997).

. § 832.05(4), Fla. Stat. (1997).