SORONDO, J.
In Rodriguez v. State, 773 So.2d 1222 (Fla. 3d DCA 2000), this Court reversed Dax Anthony Rodriguez’s (defendant) sentence of fifteen years under the Prison Releasee Reoffender Act, section 775.082(9), Florida Statutes (Supp.1998), because the offense defendant pled guilty to did not qualify for sentencing under the Act. The case was remanded for resentenc-ing.
On remand, the casé came before Judge Thomas Carney who was substituting for Judge Ellen Leesfield. At that time, December 28, 2000, the following occurred:
[THE COURT]: Dax Anthony Rodriguez.
[THE STATE]: This is back on mandate from the Third District Court of Appeal.
[DEFENSE]: [Defense counsel] on behalf of Mr. Rodriguez. We are in front of Your Honor because the Third kicked it back on an illegal sentence. I believe the State’s going to be asking for— [THE STATE]: We believe, in conformity with the Third District, Mr. Rodriguez needs to be resentenced as a habitual offender to a ten year prison sentence on the grand theft count. He was sentenced as a prison releasee re-offender [sic] on a burglary charge. The court ruled that the sentence — it was unoccupied dwelling. That it didn’t qualify for a PRRP sentence.
[THE COURT]: We are amending it to read ten years as a habitual offender?
[THE STATE]: I don’t know if it’s an amendment or he has to be resentenced.
[THE COURT]: I will do it either way.
[DEFENSE]: The Third kicked it back saying he had to be resentenced for logistical purposes. I guess you should resentence him.
[THE COURT]: I will resentence him to the ten years as a habitual offender.
[THE CLERK]: On both?
[THE STATE]: As to the grand theft count only.
[THE COURT]: And SES on the other one. Take that off calendar.
[DEFENSE]: Thank you, Judge.
[THE STATE]: I’m going to redo the score sheet.
On January 19, 2001, the case came up before Judge Leesfield. During an abbreviated hearing, the transcript of which is less than four pages, Judge Leesfield orally announced a new sentence of fifteen years as a habitual felony offender on count one, and to ten years on count two. The Judge did not expressly state that she was vacating Judge Carney’s sentence, nor did she articulate any legal grounds for the resentencing. Defense counsel[1] did not object to what the court did.[2]
On February 23, 2001, the case was again brought to the attention of Judge Leesfield. At this time, defense counsel argued that the court did not have jurisdiction to resentence defendant on January 19th. He argued that Judge Carney had jurisdiction to resentence defendant in keeping with this Court’s mandate, and that upon that resentencing the matter was closed. Expressing her concern over everything that had happened, Judge Leesfield took a recess during which she secured the presence of Judge Carney. Judge Carney stated for the record:
*830 Insofar as this case is concerned, I had very little to do with it. I inadvertently, and with great speed, resentenced the defendant mistakenly.
At the conclusion of this hearing, Judge Leesfield specifically vacated the sentence entered on December 28, and resentenced defendant as a habitual offender to fifteen years on count one of the Information and ten years on count two. Defendant appeals the sentencing order entered on March 13, 2001, and argues that once a lawful sentence was imposed on December 28th, the same could not be subsequently increased without violating defendant’s rights against double jeopardy. We agree.
The state first argues that this issue has not been preserved for appellate review because defense counsel did not object to the resentencing on January 18th. Unfortunately for the state, however, the sentencing order that is on appeal is an order entered on March 13, 2001. That order refers to the sentence entered by the court on February 23, 2001, at which time defendant repeatedly objected to what was being done. A review of the transcript of February 23rd, shows that Judge Leesfield was concerned about the legality of resentencing.. After a lengthy hearing that included Judge Carney’s statement into the record, she vacated the sentence of December 28th, and resen-tenced. the defendant. Her written sentencing order refers only to the February 23rd sentencing. Because defendant objected to the resentencing at that time, we conclude the issue was properly preserved.
Next, the state argues that the re-sentencing in this case was not a violation of the defendants right against double jeopardy. Again, we disagree. In Strickland v. State, 681 So.2d 929, 930 (Fla. 3d DCA 1996), this Court stated that:
where a lawful sentence has been imposed and the sentencing hearing concluded, it is a violation of the defendant’s constitutional protection against double jeopardy to increase the sentence at a later time.
See also North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072 (1969), overruled on other grounds by Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989); Lippman v. State, 633 So.2d 1061 (Fla.1994); Troupe v. Rowe, 283 So.2d 857 (Fla.1973).
In Coleman v. State, 645 So.2d 176 (Fla. 3d DCA 1994), immediately after receiving the jury’s verdict finding defendant guilty, the trial court sentenced defendant to a guideline sentence of twenty years in state prison. Some two weeks later, the trial court conducted another sentencing hearing where it sentenced defendant to twenty-five years as a habitual felony offender. This Court held as follows:
[T]he trial court lost jurisdiction over the defendant after having imposed the prior sentences totalling twenty-years imprisonment, and the trial court’s subsequent effort to aggravate the prior sentence by increasing the number of years of imprisonment and declaring the defendant a habitual felony offender violated the defendant’s constitutional guarantee against double jeopardy.
Id. at 178.
The same principles apply in the present case. Although Judge Carney stated on the record that he imposed the sentence “inadvertently,” and “mistakenly,” our review of the record does not support a conclusion of either inadvertence or mistake. In point of fact, Judge Carney called the case and then listened carefully to what the prosecutor and defense counsel had to say. Having been told that both sides agreed to a sentence of ten years on count one, he imposed the agreed upon sentence. When he announced that he *831 would suspend entry of sentence on count two, both the state and the defendant acquiesced and raised no objection. In short, Judge Carney’s actions were entirely appropriate and do not reflect the existence of any judicial error.
What the record does suggest is that the prosecutor representing the state at the December 28th hearing may not have been sufficiently familiar with the history of the case, and consequently negotiated a plea bargain that was not in the state’s best interest. Indeed, on January 18th, the state was represented by a different prosecutor whose only argument in support of an increase in the sentence was that fifteen years had been a good enough deal, and that defendant should never have received less. This was not the position the state took before Judge Carney on December 28th.
We reverse the sentence imposed below and remand with directions to sentence defendant to ten years as a habitual felony offender on count one, and to a suspended entry of sentence on count two.
Reversed and remanded with instructions.

. We note that defendant's counsel at this hearing was not the same lawyer as had represented defendant at the December 28 sentencing hearing.

. No written sentencing order was entered as a result of this resentencing.