855 So.2d 90 (2003)
William ELY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2118.
District Court of Appeal of Florida, Second District.
June 13, 2003.
*91 James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
William Ely appeals an order that added restitution as a condition of his probation. Because the trial court was without authority to award restitution after entering a final order directing that no restitution should be paid, we reverse.
Ely entered into a plea agreement that resulted in a sentence of probation and a withheld adjudication of guilt. As part of this plea bargain, Ely agreed to pay restitution to his victim in an amount to be determined at a proceeding subsequent to the change of plea hearing. At this subsequent proceeding, the prosecutor stated, "We have tried to contact the victim and got no response, so no restitution." The trial court responded: "Okay. Confirm no restitution." The trial court entered an order reflecting that no restitution would be paid.
Sometime later, the State discovered that the victim's timely submitted request for restitution had been misdirected and not appropriately forwarded to the prosecutor in Ely's case. The State sought a modification of Ely's probation to include a restitution requirement. Determining that the sixty-day modification period provided for by Florida Rule of Criminal Procedure 3.800(c) had not yet lapsed, the trial court modified Ely's probation to include an amount of restitution. In so doing, the trial court erred.
In this case, the trial court properly reserved jurisdiction over Ely's sentencing to determine the amount of restitution to be paid. See State v. Sanderson, 625 So.2d 471 (Fla.1993). However, when the trial court entered an order awarding no restitution, that order was final, even though it was based upon erroneous information. As a consequence, double jeopardy attached and the trial court was without authority to increase Ely's sentence, even within the sixty-day modification period. See Strickland v. State, 681 So.2d 929, 930 (Fla. 3d DCA 1996) (noting that `[i]t is well established that where a lawful sentence has been imposed and the sentencing hearing concluded, it is a violation of the defendant's constitutional protection against double jeopardy to increase the sentence at a later time" and holding that order increasing amount of previously ordered restitution violated prohibition against double jeopardy); see also Troupe v. Rowe, 283 So.2d 857, 860 (Fla.1973) (holding that where sentence was imposed and *92 "matter was concluded for all purposes" sentence imposed "could not thereafter be increased ... in violation of defendant's constitutional guaranty not to be twice placed in jeopardy").
We reverse and remand with instructions that the order awarding restitution be stricken.
Reversed and remanded with instructions.
CASANUEVA and SILBERMAN, JJ., concur.