944 So.2d 1185 (2006)
V.B., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-1905.
District Court of Appeal of Florida, First District.
December 19, 2006.
Nancy A. Daniels, Public Defender; M.J. Lord, Assistant Public Defender; and *1186 David H. Abrams, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Felicia A. Wilcox and Betty Cheramie, Assistant Attorneys General, Tallahassee, for Appellee.
PER CURIAM.
V.B., a juvenile, appeals from an order imposing restitution, contending that the order violated her right to protection against double jeopardy. We agree and reverse.
V.B. entered a plea of nolo contendere to a charge of trespass of a conveyance on August 3, 2005, and agreed to pay restitution, with the amount to be determined within 90 days. In the disposition order, the trial court scheduled the restitution review for August 29, 2005. At the later hearing, the state announced that "there's no restitution been ordered in this case," and the judge confirmed that she would take V.B. off the docket. The Juvenile Delinquency Minutes from the August 29 hearing state: "No restitution on this case."
Four months later, the state moved for relief under Florida Rule of Juvenile Procedure 8.270(b)(1),[1] alleging that the prosecutor had erroneously announced at the August 29, 2005, hearing that the state was not seeking restitution, because it mistakenly believed V.B.'s brother was responsible for payment of restitution. The trial court granted the motion and, after a subsequent restitution review in April 2006, entered an order directing V.B. to pay the victim $1,200.00. This was error.
We review this issue de novo. See State v. Paul, 934 So.2d 1167 (Fla. 2006). The trial court erred as a matter of law in ordering restitution after the court had accepted the state's representation at the original restitution review that it would not seek restitution. Once the court has entered an order setting the amount of restitution, jeopardy attaches, notwithstanding that its entry was the result of faulty information, thereby precluding the court from modifying the amount.[2]See Ely v. State, 855 So.2d 90 (Fla. 2d DCA 2003); J.C. v. State, 632 So.2d 1092 (Fla. 2d DCA 1994).
Although the court below did not enter a formal written order, it clearly appears from our review of the record that the court accepted the state's announcement of no restitution and that the proceeding then terminated. Cf. Dolinger v. State, 779 So.2d 419 (Fla. 2d DCA 2000) (despite the trial court's failure to enter a written order revoking the defendant's probation, the appellate court ruled that the transcript clearly revealed the defendant had admitted the violations, and the lower court's oral revocation order was based on these admissions; thus, the case was remanded with directions to the trial court to enter a written revocation order). Accord Bridgewater v. State, 668 So.2d 1092 (Fla. 1st DCA 1996).
At the August 29, 2005, proceeding, the state did not request to present evidence during a later hearing; indeed, the state candidly admitted in its motion for relief that it believed V.B.'s brother would be held accountable for the payment of restitution, rather than V.B. At the close of the hearing, jeopardy attached, and the court could not later impose an additional obligation.
*1187 This case is analogous to Strickland v. State, 681 So.2d 929 (Fla. 3d DCA 1996), wherein the court ordered the defendant to pay $835 in restitution for the victim's medical expenses, and concluded the hearing. An hour later, another hearing was convened at which the state presented evidence of the victim's dental expenses and lost wages, and the court ordered Strickland to pay those additional costs as well. The Third District reversed and remanded, observing that at the first hearing
[n]o indication was given by the state that there were any further expenses. No request was made for the court to retain jurisdiction to determine at a later time the amount of restitution Strickland would be obligated to make. It is clear from the record that everyone took the $835 figure as the final amount. Thus, once the sentencing hearing was over, Strickland's sentence was final and the state lost its ability to request restitution for the additional items.
Id. at 930.
The order of restitution is REVERSED and the case is REMANDED with directions to the trial court to enter a written order of no restitution.
ERVIN and DAVIS, JJ., Concur; BENTON, J., Concurs in Judgment with Opinion.
BENTON, J., concurring in judgment.
Florida Rule of Juvenile Procedure 8.270 appears in Part II of the rules, which is devoted to "DEPENDENCY AND TERMINATION OF PARENTAL RIGHTS PROCEEDINGS." Florida Rule of Juvenile Procedure 8.270(b)(1) does not pertain to delinquency proceedingsgoverned by Part I of the juvenile procedure rulesand does not authorize the state to seek the relief it sought and obtained here.
Florida Rule of Juvenile Procedure 8.135 ("Correction of Disposition or Commitment Orders"), the rule that does apply in delinquency proceedings, contains a specific limitation that the order under review failed to heed: "Motions may be filed by the state under this subdivision only if the correction of the error would benefit the child or to correct a scrivener's error." Fla. R. Juv. P. 8.135(b).
NOTES
[1] This provision authorizes relief based upon "[m]istake, inadvertence, surprise, or excusable neglect."
[2] The prohibition against double jeopardy applies in juvenile adjudications. See Lisak v. State, 433 So.2d 487 (Fla.1983); Williams v. State, 742 So.2d 496 (Fla. 1st DCA 1999).