980 So.2d 533 (2008)
Nicholas S. KITTELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2773.
District Court of Appeal of Florida, Fifth District.
March 28, 2008.
Rehearing Denied April 30, 2008.
*534 James S. Purdy, Public Defender, and Allison A. Havens, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Nicholas S. Kittelson ["Defendant"] appeals the trial court's order requiring him to pay restitution in the amount of $ 3,326.95. We affirm.
On about March 30, 2007, Defendant punched and injured John Hermann ["Victim"]. Defendant was subsequently charged with one count of felony battery. Defendant reached a plea agreement with the State. Pursuant to the agreement, Defendant plead no contest to the charged offense in exchange for an adjudication of guilt and a six month jail sentence, with the six month jail sentence to be suspended upon the payment of $1,866 in fees, fines and costs. The plea agreement does not mention the issue of restitution.
On June 25, 2007, the trial court accepted Defendant's plea and adjudicated him guilty. That same day, it entered a judgment sentencing him to six months in the county jail, with the jail sentence suspended upon Defendant's payment of $1,866 in "fines, fees, and costs." The court also entered a "Final Judgment Assessing Charges, Costs and Fines," reflecting the $1,866 amount. The issue of restitution was not discussed at the sentencing hearing. Nonetheless, the trial court also executed an order entitled "Restitution Order," checking the box indicating that "restitution was not ordered due to ____." The blank was not filled in, and there is no other indication why restitution was not ordered.
On July 18, 2007, the State filed a motion to correct sentence. In the motion, the State argued that the trial court's sentence was illegal because it failed to include an award of restitution. On August 7, 2007, the trial court held a short hearing on the State's motion.
At the hearing, the State asked the trial court to order $3,326.95 in restitution to compensate the worker's compensation insurance company for the amount it paid out to Victim.[1] Defense counsel objected to the imposition of restitution, arguing that Defendant had "already been sentenced" and that the issue of restitution had been adjudicated by being "ordered in the amount of none." The trial court decided that it had jurisdiction to award restitution because they were "within the 60 day time period. . . ." The court ordered Defendant to pay $3,326.95 in restitution. The trial court also ruled that if Defendant felt aggrieved by this decision, he would be allowed to withdraw his plea.
There is no doubt that unless it finds clear and compelling reasons not to do so, the trial court must order the defendant to make restitution to the victim for damage or loss caused by the defendant's *535 offense or related to the defendant's criminal episode. § 775.089(1)(a), Fla. Stat. (2007). If the court does not order restitution, or orders restitution of only a portion of the damages, the court is required to state detailed reasons on the record. § 775.089(1)(b)(1), Fla. Stat. (2007). Restitution is a mandated part of sentencing, and the failure to impose restitution as part of a sentence results in an incomplete sentence that is subject to timely modification.
Restitution may be imposed at the time of sentencing or within sixty days thereafter. Ridley v. State, 890 So.2d 1261, 1262 (Fla. 5th DCA 2005); see also State v. Sanderson, 625 So.2d 471, 473 (Fla.1993); L'Heureux v. State, 968 So.2d 628, 629-30 (Fla. 2d DCA 2007) ("[A] trial court may properly order restitution within sixty days after failing to order restitution at sentencing and failing to reserve jurisdiction to do so.") However, "[o]nce the court has entered an order setting the amount of restitution, jeopardy attaches . . . thereby precluding the court from modifying the amount." See V.B. v. State, 944 So.2d 1185, 1186 (Fla. 1st DCA 2006); see also Strickland v. State, 681 So.2d 929, 930 (Fla. 3d DCA 1996) ("It is well established that where a lawful sentence has been imposed and the sentencing hearing concluded, it is a violation of the defendant's constitutional protection against double jeopardy to increase the sentence at a later time."); V.B., 944 So.2d at 1186.
In Strickland for example, the Third District held that the trial court reversibly erred when, an hour after the sentencing hearing was concluded, the court increased the amount of restitution initially ordered. Similarly, in Ely v. State, 855 So.2d 90, 91 (Fla. 2d DCA 2003), the trial court entered a final order "reflecting that no restitution would be paid." Later, within the sixty-day modification period, the trial court modified the defendant's probation "to include an amount of restitution." Id. The appellate court held that the trial court's modification violated the defendant's double jeopardy rights, because it increased the defendant's sentence after the entry of the final order requiring no restitution. Id.
Contrast these cases with Bunch v. State, 745 So.2d 400 (Fla. 5th DCA 1999), where the defendant entered a plea of no contest and was sentenced to lengthy terms of imprisonment. Restitution was never discussed nor made a part of the written plea agreement or sentence. Id. Then, three days after sentencing, the state sought to amend the judgment to include a provision for restitution on behalf of one of the victims. The trial court awarded restitution. Id. at 400-401. On appeal, the defendant in Bunch argued that the restitution order violated his due process rights because he did not agree to restitution in his plea agreement and the addition of restitution constituted an increase in his sentence. In rejecting the defendant's argument and affirming the trial court, this Court said that the failure to impose restitution as part of a sentence results in an incomplete sentence that is subject to timely modification. Id. at 402.
The issue in this appeal is whether, at the sentencing hearing, the trial court failed to order restitution or ordered that Defendant owed no restitution. If the trial court simply failed to order restitution, then Defendant's original sentence was incomplete and the trial court properly modified the sentence to include restitution. See Bunch, 745 So.2d at 402. If, however, the trial court ordered that Defendant owed no restitution, then principles of double jeopardy precluded the trial court from increasing the amount of restitution owed. See Ely, 855 So.2d at 91. In essence, we *536 are called upon to interpret the restitution order.
It is important that the issue of restitution was not discussed in Defendant's plea agreement or at the sentencing hearing. Also, even though the trial court executed a written form order indicating that "restitution is not ordered," it did not fill in the line on the order form requiring it to explain why restitution was not ordered. Nothing in the subsequent hearing suggested that the trial court had intended to order zero in restitution. When viewed as a whole, the record supports the conclusion that the trial court did not order restitution, not that it ordered that Defendant owed no restitution. Accordingly, the trial court acted properly in modifying Defendant's sentence to include a restitution amount.
AFFIRMED.
TORPY and EVANDER, JJ., concur.
NOTES
[1] At the hearing on the motion to correct Defendant's sentence, the State suggested that it had evidence to support a restitution award in the amount of $1,765.68 at the time of the sentencing hearing. There is no explanation why the State did not seek restitution at the hearing, however.