981 So.2d 626 (2008)
Frank E. CONNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-1863.
District Court of Appeal of Florida, Second District.
May 16, 2008.
*627 James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Frank E. Conney appeals the trial court's postsentencing order that granted the State's motion to increase the amount of restitution that he had previously been ordered to pay the victim of his crime. Although the restitution amount that the trial court originally ordered to be paid at Mr. Conney's sentencing hearing was based on erroneous information, principles of double jeopardy precluded the trial court from increasing the restitution amount once the order setting the restitution amount was entered. Accordingly, we reverse the postsentencing order and require reimposition of the restitution amount originally imposed.

The Facts
The State filed an information charging Mr. Conney with delivering a motor vehicle to a salvage motor vehicle dealer and giving a false verification of ownership or a false verification that the title to the motor vehicle had been surrendered to the State of Florida, a violation of section 319.30(2)(b)(2), Florida Statutes (2004), a third-degree felony. After the information was filed, Mr. Conney and the State Attorney's office entered into an agreement providing for Mr. Conney's entry into a pretrial intervention (PTI) program. Notably, in paragraph 9 of the agreement, Mr. Conney agreed to pay restitution in the amount of $3050 to the victim of his crime. The trial court entered an order approving Mr. Conney's entry into the PTI program.
Later, the trial court entered an amended order approving Mr. Conney's entry into the PTI program. An amended PTI agreement was attached to the order. In the amended agreement, Mr. Conney agreed to pay $4497 in restitution to the victim rather than $3050 as stated in the original agreement.
The amended PTI agreement stated that it was voidable at the discretion of the State Attorney's office or the trial court in the event that Mr. Conney failed to comply with its terms and conditions. In this regard, paragraph 11 of the amended agreement provided:
The Parties stipulate and agree the Agreement shall in no way, operate as a contract for immunity from prosecution for the Charge referred to herein and further, should Defendant fail to meet the terms and conditions of this Agreement, the Agreement shall be void at the discretion of the State Attorney or the Court, or either of them, without Notice of hearing, and prosecution may then be instituted.
*628 In May 2006, the State Attorney's office filed a statement voiding the amended agreement with Mr. Conney and requesting that his case be set for trial.
In February 2007, a change of plea form was filed that reflected Mr. Conney's agreement to pay $3050 in restitution. This was the amount designated in the original PTI agreement. At the hearing on the change of plea held on February 22, 2007, defense counsel stated that Mr. Conney would change his plea to guilty based on a negotiated disposition of a withholding of adjudication, twenty-four months' probation, payment of $450 in fines and court costs, and payment of restitution in the amount of $3050. The trial court accepted the plea, withheld adjudication, and sentenced Mr. Conney to serve twenty-four months on probation. The trial court's oral pronouncement of sentence included a requirement that Mr. Conney pay $3050 in restitution to the victim. On March 1, 2007, the written order placing Mr. Conney on probation was filed with the clerk. Consistent with the trial court's oral pronouncement of sentence, the order required Mr. Conney to pay $3050 in restitution.
On March 15, 2007, the parties were before the trial court on the State's motion to "reconsider" the restitution amount. The victim was also present. The prosecutor offered the following factual basis underlying the State's request that the restitution amount be increased after restitution had already been ordered:
[Mr. Conney] was put on PTI and originally the PTI amount of restitution was $3,050. It was later amended during PTI to $4,497. [Mr. Conney] was removed from PTI.
When [Mr. Conney] pled on February 22, 2007, the assistant [state attorney] looked at the first pages of the PTI agreement and saw the $3,050 in restitution to the victim in this case, plus there was $450.06 to the Sheriff's Office originally. The plea  the victim had always appeared during plea situations; the victim got the notice; this plea situation was set quickly. When the notice was sent out, the victim got the notice of the change of plea date the afternoon that it had occurred. She discovered that the restitution amount was less than originally agreed upon by [Mr. Conney] in PTI.
In support of the motion to reconsider, the prosecutor contended that Mr. Conney was not surprised because he had already agreed to pay the greater amount in the amended PTI agreement. The prosecutor also argued that the victim should not be "punished" for the State's error.
Despite a timely objection by defense counsel, the trial court granted the State's motion and entered an order increasing the amount of restitution that Mr. Conney was required to pay from $3050 to $4497. In its oral ruling, the trial court focused on the equities of the situation, e.g., that Mr. Conney was not surprised by being ordered to pay the greater amount, that the portion of the original order requiring Mr. Conney to pay only $3050 resulted from an assistant state attorney's oversight, and that "the object of restitution is to put the victim whole again." The written order increasing the restitution amount provided further that Mr. Conney had thirty days to withdraw his plea. Mr. Conney elected not to withdraw his plea; instead, he filed this appeal.

The Parties' Arguments
Mr. Conney concedes that he had previously agreed to pay restitution of $4497 to the victim in the amended PTI agreement. However, he argues that his obligation to pay $4497 came to an end when the State Attorney's office exercised its discretion to void the amended agreement and he was *629 terminated from the PTI program. As Mr. Conney sees it, once his prosecution on the criminal charge was reinstated, he entered into a separate plea agreement that required him to pay only $3050. The trial court approved the plea agreement and properly imposed restitution in this amount. Mr. Conney argues that the trial court violated his right to be free from double jeopardy when it later granted the State's motion to reconsider restitution and increased the amount to $4497.
The State responds that the initial restitution award was entered as the result of an error. The State attempts to distinguish the case law on which Mr. Conney relies based on Mr. Conney's prior agreement to pay the greater amount. Under these circumstancesthe State contends it should not have been a surprise to Mr. Conney when the trial court reconsidered its prior order to impose the correct amount as restitution. The State also observes that the victim's expectations "were clearly not served" by the original restitution award. Finally, the State points out that the trial court decided to increase the restitution amount because the purpose of restitution is "to make the victim whole."

Discussion
We reject the State's arguments, and we agree with Mr. Conney. To be sure, the original $3050 restitution award does appear to have resulted from an oversight by an assistant state attorney who either forgot or was unaware that an amended PTI agreement had been entered changing the restitution amount from $3050 to $4497. However, the amended agreement states that Mr. Conney "voluntarily agrees to make restitution" to the victim "in the amount of $4497." (Emphasis added.) It also states that if Mr. Conney fails to meet the conditions of the agreement, then "the Agreement shall be void at the discretion of the State Attorney or the Court," and prosecution may then be reinstated. Thus, by the amended agreement's own terms, it no longer had any legal effect once the State Attorney chose to void it.
At the hearing on the change of plea, the assistant state attorney could have asked for $4497 in restitution, but he did not do so. Instead, the plea agreement provided for $3050 in restitution, and this was the restitution amount that the trial court orally announced at the hearing. Granted, Mr. Conney may have realized that he had been the recipient of a windfall, but he had no obligation to raise this issue with the trial court.[1]
We also note that at the hearing on the State's motion to reconsider restitution, the prosecutor did not specifically identify the legal authority or rule of criminal procedure on which the State relied for its unusual motion. After the trial court had already ruled on the State's request, the State submitted a posthearing, written motion which identified Florida Rule of Criminal Procedure 3.800(c) as the legal authority for its request. In pertinent part, this rule provides that "[a] *630 court may reduce or modify . . . a legal sentence imposed by it within 60 days after the imposition." Fla. R.Crim. P. 3.800(c) (emphasis added). However, the power to modify does not permit a trial court to increase a legal sentence once lawfully pronounced. Sterling v. State, 682 So.2d 694, 695 (Fla. 5th DCA 1996).
Once the trial court entered the order setting the restitution amount at $3050, jeopardy had attached. See Ely v. State, 855 So.2d 90, 91 (Fla. 2d DCA 2003). At that point, the trial court had no authority to increase the restitution amount that Mr. Conney was required to pay. See id.; Kirkland v. State, 575 So.2d 1315, 1316 (Fla. 2d DCA 1991) ("[A]n increase in the amount of restitution, which is a part of a legal sentence, is an impermissible enhancement."). Increasing a restitution amount violates a defendant's right to not be twice placed in jeopardy, even when the original restitution amount was based on a mistake or faulty information. Ely, 855 So.2d at 91 (reversing a post-sentencing award of restitution when the prosecutor originally declined to ask for restitution "based upon erroneous information"); V.B. v. State, 944 So.2d 1185, 1186 (Fla. 1st DCA 2006) (reversing a revised restitution order when the prosecutor had erroneously announced at the original restitution hearing that the State would not seek restitution "because it mistakenly believed [the defendant's] brother was responsible for payment of restitution").

Conclusion
Although it is regrettable that the victim of Mr. Conney's crime will be adversely affected by the mistake made in setting the restitution amount, we disapprove the trial court's reasoning that "the equities in this situation are such that the victim should be entitled to the full amount as a condition of [Mr. Conney's] probation." In an otherwise laudable effort to be fair to the victim, the trial court overlooked that it was not sitting as a court of equity. On the contrary, the events below occurred in the context of a criminal prosecution, not in the course of an equitable proceeding. Under these circumstances, the defendant's constitutional and procedural rightsnot equitable principlesconstitute the applicable framework for analysis of the legal issues presented here.
For the reasons outlined above, the trial court acted without authority and violated Mr. Conney's right not to be placed in double jeopardy when it increased the restitution amount that he was ordered to pay after the sentencing hearing had ended. Accordingly, we reverse all of the postsentencing orders[2] that increased the restitution amount. On remand, the trial court shall vacate these orders and reimpose the $3050 restitution amount that it originally pronounced at the sentencing hearing.
Reversed and remanded with instructions.
WHATLEY and KELLY, JJ., Concur.
NOTES
[1] It does not appear that the assistant public defender who represented Mr. Conney at the hearing on the change of plea and during the postsentencing hearing engaged in any questionable "gotcha!" tactics. See, e.g., Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337, 1339 (Fla. 3d DCA 1979). During the negotiations concerning the original PTI agreement and the amended PTI agreement, Mr. Conney had been represented by privately retained counsel. After the prosecution was reinstated, the Public Defender was appointed to represent Mr. Conney. The assistant public defender who represented Mr. Conney at the hearing on the change of plea stated later at the hearing on the State's motion to reconsider restitution that she had not been aware of any discrepancy in the restitution amounts until the prosecutor telephoned her before the hearing on the State's motion.
[2] For reasons not pertinent to this opinion, the trial court entered three separate postsentencing orders providing for the increase in the restitution amount.