EVANDER, J.
Speer appeals from orders establishing restitution amounts entered approximately six months after his sentencing hearing. Contrary to his assertions, no double jeopardy violation occurred.
Speer entered a guilty plea to the charge of fraudulent use of personal identification information[1] and contracting without a license or certificate.[2] The plea agreement called for Speer to be placed on probation with a special condition of making restitution to the victims of his crimes. During the plea hearing, Speer was advised that the State would be seeking restitution in the amount of $4,567 for one of the victims (Precision Aluminum), as well as restitution for Speer’s other victims. The trial court specifically advised Speer that it would be entering one restitution order that day, but reserving jurisdiction to determine the amount of restitution owed to the other victims. Speer acknowledged his understanding that the full amount of his restitution obligation would not be determined that day. The trial court accepted Speer’s plea and sentenced him in accordance with the plea agreement. Speer’s probation order included the following special conditions:
Court Retains Jurisdiction for Restitution Purposes.
Defendant must make restitution to vie-tim(s).
The trial court also entered an order requiring Speer to pay $4,567, as restitution, to Precision Aluminum.
Approximately six months later, over Speer’s objection, the trial court held a hearing to determine the restitution amounts to be paid to Speer’s three other victims. At the conclusion of the hearing, separate restitution orders were entered as to each of the victims.
An order of restitution may be imposed at the time of sentencing or within sixty days thereafter. State v. Sanderson, 625 So.2d 471, 472-73 (Fla.1993). If an order of restitution has been entered in a timely manner, a court can determine the amount of restitution beyond the sixty-day period. Sanderson, 625 So.2d at 473; see also L.O. v. State, 718 So.2d 155 (Fla.1998); Kittelson v. State, 980 So.2d 533 (Fla. 5th DCA 2008). However, once the court has entered a final order setting the full amount of restitution, jeopardy attaches, thereby precluding the court from increasing that amount. Kittelson, 980 So.2d at 535; see also Ely v. State, 855 So.2d 90, 91 (Fla. 2d DCA 2003) (where *604 court entered order awarding no restitution, order was final even if based on erroneous information and could not be subsequently modified); Strickland v. State, 681 So.2d 929, 930 (Fla. 3d DCA 1996) (where trial court ordered defendant to pay victim’s medical bills as restitution and determined amount “that everyone took ... as the final amount,” amount could not subsequently be increased).
Speer argues that the later orders constituted an improper increase of his sentence in violation of the constitutional protection against double jeopardy. We reject this argument because the trial court had not previously entered a final order that established (or purported to establish) Speer’s full restitution obligation. Rather, the trial court had ordered Speer to make full restitution to his victims, had made a partial detei'mination of Speer’s restitution obligation, and had reserved jurisdiction to determine the remainder of that obligation. Thus, the trial court did not increase Speer’s sentence. It simply made complete the incomplete sentence that had been imposed at the earlier hearing.
AFFIRMED.
MONACO, C.J. and JACOBUS, J., concur.

. § 817.568(2), Fla. Stat. (2007).

. § 489.127(1)(f), Fla. Stat. (2007).