PALMER, J.
Elliot Martinez (defendant) appeals the trial court’s order granting the State’s motion to tax additional costs of prosecution, entered after the defendant had begun serving his sentence. We reverse.
The defendant was convicted of battery. In connection with his sentencing, the trial court assessed $100 in costs of prosecution without expressing an intent to assess further costs at a later time. The defendant’s convictions and sentences were affirmed on direct appeal. Martinez v. State, 56 So.3d 22 (Fla. 5th DCA 2011). The State thereafter filed a motion to tax the costs of extraditing the defendant from Pennsylvania to Florida as costs of prosecution under section 938.27, Florida Statutes (2011). The trial court granted the motion and imposed the costs.
The defendant appeals the costs order, arguing that the trial court violated double jeopardy principles by increasing the amount of his prosecution costs, thereby increasing his sentence after he had begun serving it. We agree.
Under double jeopardy principles, a defendant’s sentence cannot be increased after he begins serving it. Ashley v. State, 850 So.2d 1265, 1267 (Fla.2003).[1] *880 However, to be part of a sentence for double jeopardy purposes, a particular sanction must constitute criminal, rather than civil, punishment. See Hudson v. United States, 522 U.S. 93, 98-99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997). “Whether a particular punishment is criminal or civil is, at least initially, a matter of statutory construction. A court must ... ask whether the legislature, in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other.” Id. at 99, 118 S.Ct. 488 (citation and quotation marks omitted). Thus, in determining whether extradition costs constitute criminal punishment, we focus on the authorizing statutes.
Extradition costs are imposed and enforced as costs of prosecution under sections 938.27 and 938.30. See Thompson v. State, 699 So.2d 329 (Fla. 2d DCA 1997) (holding that extradition costs are costs of prosecution). Several attributes of this statutory mechanism indicate that the Legislature intended these costs of prosecution to constitute a criminal sanction. Importantly, the sanction applies “[i]n all criminal and violation-of-probation or community-control cases.” § 938.27(1). In addition, if the defendant is placed on probation, the court must include payment of these costs as a condition of probation, and failure to pay is a ground for revocation. § 938.27(3); cf. Griffin v. State, 980 So.2d 1035 (Fla.2008) (explaining that costs may be a criminal sanction for purposes of ex post facto if “the length of an inmate’s sentence can be increased by failure to pay the costs”). Also, if the defendant is unable to pay, the court can convert these costs to community service. § 938.30(2). Finally, although the statutes do not expressly state how or when these costs must be imposed, ordinarily they are imposed during the sentencing process. See, e.g., Clark v. State, 963 So.2d 911 (Fla. 2d DCA 2007); Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995).[2]
In light of this legislative intent, costs of prosecution are a criminal sanction and thus are part of a sentence for purposes of double jeopardy. Therefore, the trial court erred by increasing the costs after the defendant had begun serving his sentence. Accordingly, we reverse and remand for the court to strike the extradition costs order. Contrast Speer v. State, 51 So.3d 602 (Fla. 5th DCA 2011) (holding that restitution orders entered six months after sentencing did not violate double jeopardy principles where sentencing court had expressed intent to determine full amount later).
REVERSED and REMANDED.
EVANDER, J., concurs.
SAWAYA, J., dissents, without opinion.

. An exception exists where the defendant has no legitimate expectation of finality in the sentence. See Dunbar v. State, 89 So.3d 901 (Fla. 2012). Unlike the invalid original sentence in Dunbar, here the original sentence was not rendered invalid by the trial court's *880 failure to include costs the State had yet to request.

. Payment of costs of prosecution may be enforced by, among other methods, reducing them to a civil judgment. See §§ 938.27(5), 938.30(6), (12); cf. Woods v. State, 879 So.2d 651, 653 & n. 1 (Fla. 5th DCA 2004). However, the fact that one method for enforcing these costs is by civil means does not alter the criminal nature of the sanction.