DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

ASLEYS ACOSTA,

Appellant,

v.

DEPARTMENT OF CORRECTIONS,

Appellee.

No. 2D23-324

_____

January 19, 2024

Appeal from the Circuit Court for Sarasota County; Lee Haworth, Senior Judge.

Asleys Acosta, pro se.

David Ellis, Assistant Attorney General, Department of Corrections, Tallahassee, for Appellee.


KHOUZAM, Judge.

Asleys Acosta timely appeals from a civil restitution lien order entered in favor of the Florida Department of Corrections. Mr. Acosta raises multiple challenges to the entry of the order. But because Mr. Acosta's legal arguments apply to criminal restitution, whereas the order on appeal was entered under a different civil statutory scheme, we affirm.

In response to "increasing financial burdens on the state . . . caused by the expenses of incarcerating convicted offenders," the legislature sought to "impose a long-term civil liability for the costs of incarceration, by means of the civil restitution lien, against a convicted offender." *Smith v. Fla. Dep't of Corr.*, 27 So. 3d 124, 126 (Fla. 1st DCA 2010) (quoting § 960.29(1)(d), Fla. Stat. (2005)). Under the resulting remedy crafted by the legislature, "[a]n offender's liability for the costs of incarceration exists as a matter of law upon the offender's conviction." *Id.* (citing §§ 960.292(1), 960.293(2)).

To that end, section 960.292(2), Florida Statutes (2019), grants the court in which a person is convicted "continuing jurisdiction over the convicted offender for the sole purpose of entering civil restitution lien orders for the duration of the sentence and up to 5 years from release from incarceration or supervision, whichever occurs later." The same subsection authorizes the state to seek civil restitution by motion, after which the court "<u>shall</u> enter civil restitution lien orders in favor of . . . the state . . . and other aggrieved parties." *Id.* (emphasis added).

Here, while Mr. Acosta was still serving his sentence of incarceration, the State, through its Department of Corrections, moved under several provisions of chapter 960 for the imposition of a civil restitution lien order. The resulting order expressly acknowledges the court's continuing jurisdiction under section 960.292(2) and awards the Department the amount provided under section 960.293(2)(b).

On appeal, Mr. Acosta asserts several legal errors, two of which we discuss here. First, he claims that the lien is impermissible where his plea agreement did not mention it. As a threshold matter, the record does not contain any materials from Mr. Acosta's underlying plea or sentencing proceedings to substantiate his characterization of them.

Absent record support for what occurred below, Mr. Acosta has not presented an adequate basis to review this claim. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979).

More important, however, even accepting Mr. Acosta's assertion that this lien was not addressed during his criminal sentencing, that would not be a basis to invalidate it. As the Fifth District has explained, this "contention is based upon a misperception of the primary purpose of restitution." *Bunch v. State*, 745 So. 2d 400, 401 (Fla. 5th DCA 1999).

In furtherance of the goal of "mak[ing] victims of crime whole by restoring to them the value of that which they have lost as a result of the crime," Florida law is settled that the "civil restitution lien act rests upon the principle of remediation and not punishment." *Id.* at 401-02 (second quotation quoting § 960.29(2)(b), Fla. Stat. (1997)). Consistent with that framing, our supreme court has expressly held "that imposing a civil restitution lien pursuant to sections 960.293 and 960.297 to recover the incarceration costs of convicted offenders is a civil remedy that is not so punitive in nature as to constitute criminal punishment." *Goad v. Fla. Dep't of Corr.*, 845 So. 2d 880, 884-85 (Fla. 2003).

Thus, where the requirements of chapter 960 are satisfied, the absence of a civil restitution lien from plea discussions is immaterial. *See Bunch*, 745 So. 2d at 400 (affirming civil restitution lien order even though "[r]estitution was never discussed nor made a part of the written plea agreement or sentence"). Mr. Acosta has not identified any requirements of chapter 960 that were not observed here.

Second, Mr. Acosta also contends that the court erred by failing to consider his financial resources before entering the civil restitution lien order. But, similar to his prior contention about the plea agreement, Mr. Acosta relies entirely on authorities addressing criminal restitution.

3

Whereas the criminal restitution statute does at times require the court to consider the defendant's financial resources, the civil restitution statute at issue here contains no such requirement, instead setting a fixed amount based on type of crime and length of incarceration. *Compare* § 775.089(6)(b), Fla. Stat. (2019) ("The criminal court, at the time of enforcement of the restitution order, shall consider the financial resources of the defendant . . . ."), *and* § 775.089(7) ("The burden of demonstrating the present financial resources and the absence of potential future financial resources of the defendant and the financial needs of the defendant and his or her dependents is on the defendant."), *with* § 960.292(1) ("Upon conviction, the convicted offender shall incur civil liability for damages and losses to . . . the state . . . as set forth in s. 960.293."), *and* § 960.293(2)(b) (setting the amount of restitution "for an offense other than a capital or life felony" at "$50 per day of the convicted offender's sentence").  Accordingly, the trial court's failure to consider Mr. Acosta's financial resources in entering the civil restitution lien here is not a basis to invalidate it.

Affirmed.

LUCAS and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

4