DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

YAROSLAY GARCIA LOPEZ,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-0809

_____

July 10, 2024

Appeal from the County Court for Pinellas County; Kathleen T. Hessinger, Judge.

Howard L. Dimmig, II, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Lara E. Breslow, Assistant Attorney General, Tampa, for Appellee.

PER CURIAM.

Yaroslay Garcia Lopez appeals the order of restitution entered after he pleaded guilty to driving under the influence causing or contributing to property damage and was sentenced. The State properly concedes error, and we reverse.

The following exchange took place before the trial court conducted the plea colloquy with Lopez:

> THE COURT: And restitution in this case?
>
> MR. QUINN [prosecutor]: Yes.  For the record, Your Honor, there is no restitution for us to handle here.
>
> THE COURT: No restitution?
>
> MR. QUINN: Correct.  It's being handled civilly.
>
> THE COURT: And you have had contact with the victims regarding that?
>
> MR. QUINN: The victims and their attorney, Your Honor.
>
> THE COURT: Okay.
>
> MR. QUINN: Mostly the attorney.
>
> THE COURT: All right.  Mr. Garcia-Lopez, please raise your right hand.

After accepting Lopez's plea, the court said nothing about restitution when pronouncing Lopez's sentence.

Five days later, the State filed a motion for restitution[1] asserting that although "[r]estitution was set at [z]ero," Lopez's sentence was incomplete because the total amount of damages incurred by the victim was not covered by insurance.  The prosecutor explained at the hearing on the motion that the victim's attorney informed him a few days after the plea and sentencing hearing that insurance was not going to cover some of the victim's damages.  The prosecutor said that he was confused when he advised the trial court that restitution was not at issue.  Lopez argued that the issue of restitution was barred by res judicata and that

---

[1] The State's motion cited Florida Rule of Criminal Procedure 3.800(b) but after defense counsel objected that the rule did not authorize such a motion, the trial court ruled that it was treating the motion as one seeking restitution.

he entered his plea based on there being no restitution.  He pointed out that although the trial court had not specifically said that restitution was zero, restitution was discussed immediately before the plea colloquy and the State insisted it was not at issue.  The trial court ultimately ruled that because it had not said anything about restitution when pronouncing sentence, it was required to award restitution under *Bunch v. State*, 745 So. 2d 400, 402 (Fla. 5th DCA 1999), which provides that "restitution is a mandated part of, not an enhancement to, sentencing, and the failure to impose restitution as part of a sentence results in an incomplete sentence that is subject to timely modification."

*Bunch*, however, is factually distinguishable from the instant case because there no mention was made of restitution in the plea agreement or at sentencing.  745 So. 2d at 400.  Here, the State affirmatively stated that it was not seeking restitution.  There is a difference between a trial court failing to address restitution and a trial court concluding that a defendant owes no restitution, and double jeopardy is implicated only in the latter situation.  *See Kittelson v. State*, 980 So. 2d 533, 535 (Fla. 5th DCA 2008).

> If the trial court simply failed to order restitution, then [d]efendant's original sentence was incomplete and the trial court properly modified the sentence to include restitution.  If, however, the trial court ordered that [d]efendant owed no restitution, then principles of double jeopardy precluded the trial court from increasing the amount of restitution owed.

*Id.* (citation omitted) (first citing *Bunch*, 745 So. 2d at 402; then citing *Ely v. State*, 855 So. 2d 90, 91 (Fla. 2d DCA 2003)); *see also V.B. v. State*, 944 So. 2d 1185, 1186 (Fla. 1st DCA 2006) ("The trial court erred as a matter of law in ordering restitution after the court had accepted the state's representation at the original restitution review that it would not seek restitution.  Once the court has entered an order setting the amount

3

of restitution, jeopardy attaches, notwithstanding that its entry was the result of faulty information, thereby precluding the court from modifying the amount.").

On appeal, Lopez argues—and the State concedes—that his sentence was not incomplete and that the trial court awarded no restitution at sentencing because the State expressly represented that the victim chose to pursue restitution through different means. We agree. It is clear from the record that Lopez's sentence was not incomplete. The trial court inquired about restitution, the State effectively waived it, and the court imposed Lopez's sentence without further addressing the issue. Accordingly, the trial court's award of restitution after sentencing constituted a violation of Lopez's double jeopardy rights and must be reversed. *See Kittelson*, 980 So. 2d at 535; *V.B.*, 944 So. 2d at 1186.

Reversed.

SLEET, C.J., and CASANUEVA and MORRIS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.