785 So.2d 561 (2001)
Horace JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4158.
District Court of Appeal of Florida, Second District.
March 23, 2001.
PER CURIAM.
Horace Jones appeals the trial court's summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court's order denied Jones' claim that he had timely filed his motion for postconviction relief on May 27,1998. Jones asserts he timely had the motion notarized by a prison employee who deposited the motion for mailing. The court found that its records demonstrated that no such motion was ever filed with the clerk of the court.
Jones filed two letters with the court during April and May of 2000. In these letters Jones alleged that he had filed a rule 3.850 motion in March of 1998. He attached the motion for postconviction relief for the court to review. In the interest of justice, the court treated these letters as a motion for postconviction relief and denied the motion as untimely based on the record in the court file. Jones' allegation that he timely filed the motion under Haag v. State, 591 So.2d 614 (Fla. 1992), when he had it notarized by a Department of Corrections employee, is a facially sufficient claim requiring an evidentiary hearing. Bray v. State, 702 So.2d 302 (Fla. 1st DCA 1997).
Accordingly, on remand the trial court should hold an evidentiary hearing where Jones will be allowed to prove he timely created the postconviction document and entrusted it to the hands of prison officials. Bray v. State, 742 So.2d 804 (Fla. 1st DCA 1998). Should Jones establish the timely entrustment of the document, and if the State then chooses to *562 challenge Jones' assertion that the motion was timely filed, we would point out that there is a rebuttable presumption that the document was timely filed based on the date reflected in the certificate of service. Thompson v. State, 761 So.2d 324 (Fla. 2000).
Reversed and remanded with directions.
WHATLEY, A.C.J., and NORTHCUTT and CASANUEVA, JJ., concur.