WARNER, J.
Jeffrey Valencia, appellant, appeals an order summarily denying as untimely his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We affirm.
After his conviction, appellant filed a petition for writ of mandamus to this court claiming in February 2001, he delivered to prison authorities a timely motion for post-conviction relief. He attached a copy of this alleged motion to the writ. Our court denied the petition after the state’s response indicated that the clerk’s office had no record of appellant’s motion.
After we denied the petition, appellant filed another motion for postconviction relief identical to the one attached to his petition for writ of mandamus. The trial court denied the motion as untimely as it was filed beyond the two-year period pro *608 vided in Rule 3.850. Appellant appeals, claiming that because he turned his motion over to prison authorities within the two-year period, it was timely filed within the meaning of Haag v. State, 591 So.2d 614, 617 (Fla.1992).
Appellant has failed to establish, with any documents or affidavits, that he sent a motion for postconvietion relief to the court on February 28, 2001. He relies solely upon his own self-serving statements that he did so. Moreover, appellant’s motion for postconviction relief filed in October 2002 was not a copy of the one allegedly filed in 2001 but rather was a motion redrawn in 2002, as evidenced in the first line of the motion where it indicates, “Florida Rule of Criminal Procedure 3.850(g)(2002 Florida Rules of Court).”[1] (Emphasis added). Because appellant apparently did not keep a copy of his alleged 2001 motion, we have no way of substantiating that his 2002 motion was the same motion and raised the same issues as the February 2001 motion.
The “mailbox” rule, which deems a petition or motion filed upon delivery to the prison officials for mailing, was premised on the availability of the logging of the prisoner’s mail. See Haag, 591 So.2d at 617. The court stated in Haag that “[u]n-less it appears on the face of the pleading that it was timely received by the prison officials, our opinion does not mean that the court must inquire into whether every late-filed pro se petition meets the test of the mailbox rule.” Id. at 617 n. 3. In Doty v. State, 792 So.2d 1248, 1249 (Fla. 2d DCA 2001), Jones v. State, 785 So.2d 561, 561 (Fla. 2d DCA 2001), and Bray v. State, 702 So.2d 302, 302 (Fla. 1st DCA 1997), cases in which an evidentiary hearing was conducted, the defendants attached affidavits and other documents attesting the delivery of their motions to the prison officials. Here there are none, not even the original motion which would show that it was sworn before a prison official. Further, there is nothing on the face of the pleading establishing the motion was timely delivered because appellant’s 2002 motion was not the original pleading. Without more, we conclude the trial court properly denied the motion as untimely.
Affirmed.
STONE, and SHAHOOD, JJ., concur.

. In his reply to the state's response, he claims that the October 2002 motion is an "original copy.” That is belied by the reference to the 2002 rules.