PER CURIAM.
Robert Kleekley seeks review of an order denying his motion for postconviction relief as untimely. We reverse and remand for further review.
By opinion dated May 1, 2002, this court affirmed the trial court’s denial of Kleck-ley’s motion for postconviction relief due to his failure to comply with the requirements of Florida Rule of Criminal Procedure 3.987 when filing the motion. See Kleekley v. State, 815 So.2d 737 (Fla. 4th DCA 2002). The affirmance was without prejudice to him re-filing with the trial court, within thirty days after the date of the opinion, his motion for postconviction relief in compliance with the rule. See id. at 737 (citing Lawson v. State, 754 So.2d 86 (Fla. 4th DCA 2000)).
Kleekley claims to have timely filed the motion that was not received by the lower court. As there exists a good faith factual dispute regarding the date Kleekley filed the renewed motion, we remand for the trial court to conduct an evidentiary hearing on the issue of timeliness. See Jones v. State, 854 So.2d 773, 774 (Fla. 2d DCA 2003); Jones v. State, 785 So.2d 561, 561 (Fla. 2d DCA 2001). Should the state opt to withdraw its objection on timeliness, the trial court should consider the motion on the merits. See Thompson v. State, 761 So.2d 324, 325 (Fla.2000).
FARMER, C.J., GUNTHER and WARNER, JJ., concur.