899 So.2d 1203 (2005)
Carlos PAGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3992.
District Court of Appeal of Florida, Second District.
April 15, 2005.
*1204 SILBERMAN, Judge.
Carlos Pagan appeals the trial court's summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied relief on the basis that the motion was untimely. Because a factual question exists as to whether Pagan's motion was timely filed, we reverse and remand for the trial court to hold an evidentiary hearing.
On March 26, 2004, Pagan filed a motion to "refile" his motion for postconviction relief. He alleged that he originally filed the motion for relief by delivering it to prison officials on December 7, 2002. However, he attached a copy of his original motion, which shows the date of September 7, 2002, as the date that it was signed and delivered to prison authorities for mailing. The trial court noted the discrepancy in dates, and Pagan asserts that the reference to December 7 is a typographical error. The date is significant because under the mailbox rule, a pro se inmate's document is deemed filed when the inmate entrusts the document to prison officials for further delivery or processing. See Haag v. State, 591 So.2d 614, 617 (Fla. 1992); see also Bulley v. State, 857 So.2d 237, 239 (Fla. 2d DCA 2003) (stating that under the mailbox rule, "the date reflected on the certificate of service is presumed to be the date on which the document is filed").
Pagan alleged that after he gave the original motion to prison officials, he sent two letters to the trial court inquiring as to the motion's status. He asserted that in January 2004 the clerk of the court notified him that it had no record of his motion. He then filed his motion to refile the original motion.
The trial court correctly noted that Pagan's motion for postconviction relief had to be filed within two years of the date that the judgment and sentence became final. Based on the date shown by the mandate issued by this court following Pagan's direct appeal, the motion for postconviction relief had to be filed by December 4, 2002. The trial court stated that it was not convinced that Pagan had submitted the original motion to prison officials on December 7, 2002, and treated Pagan's motion for refiling and the original motion as filed when they were received by the court on March 26, 2004. On that basis, the court concluded that the motion for postconviction relief was untimely.
The trial court did not comment regarding the September 7, 2002, date actually shown on Pagan's original motion. If the motion had, in fact, been entrusted to prison authorities on September 7, 2002, then it appears the motion was timely filed under the mailbox rule.
*1205 Under these circumstances, we conclude that Pagan's allegation that he timely filed the original motion by delivering it to prison officials is a facially sufficient claim requiring an evidentiary hearing. See Jones v. State, 785 So.2d 561, 561 (Fla. 2d DCA 2001) (remanding for an evidentiary hearing to determine whether the defendant timely created the postconviction document and entrusted it to prison officials). If Pagan establishes the timely entrustment of his motion, and if the State challenges Pagan's assertion that the motion was timely filed, "there is a rebuttable presumption that the document was timely filed based on the date reflected in the certificate of service." Id. at 562.
Accordingly, we reverse and remand for the trial court to conduct an evidentiary hearing to resolve this issue.
Reversed and remanded.
VILLANTI and WALLACE, JJ., Concur.