903 So.2d 312 (2005)
William E. WESTLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-4491.
District Court of Appeal of Florida, Second District.
June 8, 2005.
*313 CASANUEVA, Judge.
William Westley appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand.
Westley's rule 3.850 motion alleges four ineffective assistance of counsel claims, but the trial court dismissed the motion as untimely. Westley's judgment and sentence were entered on March 11, 2002. Although Westley did not file a direct appeal, his time for filing it expired on April 10, 2002. Therefore, Westley's two-year time limit for filing a rule 3.850 motion expired on April 10, 2004. See Davis v. State, 687 So.2d 292, 293 (Fla. 2d DCA 1997).
The trial court acknowledged that the date stamped on the face of Westley's motion was April 10, 2004, but deemed the date stamped on the motion's envelope, April 13, 2004, as the filing date because it contained a prison official's initials, while the date stamped on the motion's face lacked any initials. Relying on Valencia v. State, 850 So.2d 607 (Fla. 4th DCA 2003), the trial court further reasoned that Westley did not provide any documentation or affidavits reflecting that he turned the motion over to prison officials on April 10, 2004.
A motion is deemed filed the moment a pro se inmate places the motion in a prison official's hands. See Haag v. State, 591 So.2d 614, 617 (Fla.1992). The date appearing on the face of the motion determines whether it was timely received by prison officials. Id. at 617 n. 3. Although not receding from Haag, Thompson v. State, 761 So.2d 324, 326 (Fla.2000), later held that the date appearing in the motion's certificate of service controls issues of timeliness. However, when a document lacks a certificate of service, as in this case, then the date on the face of the motion is controlling. See Haag, 591 So.2d at 617 n. 3.
*314 The trial court incorrectly held that the date stamped on the envelope was controlling because it was accompanied by the initials of a prison official.
Whether a prison official initials the date has no legal significance. Nothing in the rules requires prison officials to initial a motion's date, and such a requirement appears to run counter to current case law. See id. at 617 (reasoning that "the pro se prisoner is unable to do anything but trust the prison officials.... If they betray this trust ... the prisoner is usually unable to even prove who is at fault."). Furthermore, the Florida Administrative Code suggests that the initials on an envelope are more likely to be an inmate's than a prison official's. See Fla. Admin. Code Ann. r. 33-210.102(8)(b) (2004) (requiring the prison official to have the inmate initial next to the stamp on legal mail before mailing).
Moreover, the trial court's reliance on Valencia to require that the defendant submit documentation or affidavits as proof of delivery is misapplied. In Valencia, the court's concern was that nothing on the motion's face indicated it was timely, so the court required affidavits and documentation from the defendant attesting to the date he delivered the motion to prison officials. 850 So.2d at 608. This is not the case for Westley's motion, which has April 10, 2004, date-stamped on its face.
Accordingly, we hold that Westley's rule 3.850 motion is timely. The order denying postconviction relief is reversed and remanded for consideration on the merits.
Reversed and remanded.
WHATLEY and CANADY, JJ., Concur.