958 So.2d 1104 (2007)
Christopher MATHEWS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-562.
District Court of Appeal of Florida, Fourth District.
June 20, 2007.
Christopher Mathews, Bushnell, pro se.
Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Christopher Mathews appeals the trial court's summary denial of his motion for leave to re-file his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied relief on the basis that the motion was untimely. Because a factual question exists as to whether appellant's motion was timely filed, we reverse and remand for the trial court to hold an evidentiary hearing.
On November 28, 2000, appellant was found guilty by jury of dealing in stolen property and giving false information to a pawnbroker. His judgment and sentence, entered on January 19, 2001, became final when this court issued a mandate affirming his judgment and sentence on March 22, 2002. Thus, the time for filing a rule 3.850(a) motion expired on March 22, 2004.
On September 14, 2006, appellant filed a motion to "re-file" his motion for postconviction relief. He alleged that he originally filed a timely motion for relief by delivering it to prison officials on March 8, 2002. The trial court could find no record of appellant having filed any postconviction motions in this case. However, the record contained two inquiries appellant sent to the Clerk of Court claiming that he had filed a postconviction motion. In one inquiry sent to the clerk on August 25, 2006, appellant claimed that he had filed a postconviction motion on August 2, 2004 "under the mailbox rule." In another inquiry, sent on September 5, 2006, appellant asserted that the date of his postconviction motion was February 8, 2004. The trial court determined that "more than four *1105 years have passed since the defendant's judgment and sentence became final. More than two years passed before the Defendant inquired into the status of the postconviction motion he claims to have filed." Citing Parker v. State, 907 So.2d 694 (Fla. 4th DCA 2005), the court found that good cause did not permit appellant to file an untimely 3.850 motion and that his failure to file a timely motion was not a result of excusable neglect.
Parker explained the good cause and excusable neglect standards which must be met for a defendant to be granted leave to file a belated rule 3.850 motion after the two-year deadline. Here, however, appellant is not requesting to file a belated rule 3.850 motion. Rather, he is claiming to have timely filed a rule 3.850 motion and, in this motion, is requesting to re-file it because it was apparently lost or misplaced after he delivered it to prison officials. He alleges that his father has a certificate of service for the motion dated March 8, 2002.[1]
Because appellant's allegation that he timely filed the original motion under the mailbox rule is a facially sufficient claim requiring an evidentiary hearing, we reverse and remand for the trial court to hold an evidentiary hearing. See Pagan v. State, 899 So.2d 1203 (Fla. 2d DCA 2005); Jones v. State, 785 So.2d 561 (Fla. 2d DCA 2001); Bray v. State, 702 So.2d 302 (Fla. 1st DCA 1997).
Reversed and Remanded with directions.
POLEN, TAYLOR and MAY, JJ., concur.
NOTES
[1] In his motion for rehearing, appellant stated that the certificate of service is dated February 8, 2004.