MORRIS, Judge.
David B. Lawson appeals the order denying his motion requesting a ruling on a motion filed under Florida Rule of Criminal Procedure 3.850. We reverse and remand for the postconviction court to consider the rule 3.850 motion on its merits.
On June 25, 2009, Mr. Lawson entered a plea to several offenses, and the trial court sentenced him to ten years’ imprisonment. Although he apparently did not appeal his judgment and sentence, he filed several motions under rule 3.800(a) and rule 3.850, the denials of which were affirmed on appeal. On March 27, 2012, Mr. Lawson filed a motion requesting a ruling on a particular rule 3.850 motion on which he claimed never to have received a ruling. The rule 3.850 motion, which was attached to the motion requesting a ruling, bears a certificate of service dated March 8, 2010, that is in substantial compliance with the example provided for pro se inmates in Florida Rule of Appellate Procedure 9.420(d)(1). Moreover, stamped on the *1229 first page of the motion is the correctional institution’s certificate that Mr. Lawson provided the motion to prison officials for mailing on March 8, 2010.
The postconviction court denied Mr. Lawson’s request for a ruling because the March 8, 2010, motion had never been physically filed with the clerk of the circuit court. However, “under the mailbox rule, a pro se inmate’s document is deemed filed when the inmate entrusts the document to prison officials for further delivery or processing.” Pagan v. State, 899 So.2d 1203, 1204 (Fla. 2d DCA 2005); see Griffin v. Sistuenck, 816 So.2d 600, 601 (Fla.2002) (“Under the mailbox rule, a notice is deemed filed when it is delivered to prison authorities for mailing.”). Mr. Lawson presented the postconviction court "with a motion that was deemed timely filed but had not, for whatever reason, reached the office of the circuit court clerk. The post-conviction court could have considered the motion on the merits and should do so on remand. Accordingly, we reverse the order denying Mr. Lawson’s request to consider his rule 3.850 motion.
Reversed and remanded with directions.
KHOUZAM and SLEET, JJ„ Concur.