PER CURIAM.
Salvador Antunez appeals the order denying his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. He argues the trial court erred in determining his motion was untimely. We agree and reverse.
On March 17, 2008, Antunez was convicted and sentenced for the crimes of capital sexual battery and lewd or lascivious molestation of a child under twelve. This court affirmed his judgment and sentence and mandate issued on March 4, 2009. See Antunez v. State, 3 So.3d 337 (Fla. 5th DCA 2009). Accordingly, Antunez had until March 4, 2011 to file his postconviction motion. See Fla. R.Crim. P. 3.850(b).
For some unknown reason, the trial court did not receive Antunez’s rule 3.850 motion until April 22, 2013. As a result, rather than addressing Antunez’s claims, the trial judge denied the motion as untimely and procedurally barred. A review of the record reveals this was error. Although the trial court did not physically receive the motion within the two year time limit provided by the rule, the date stamp on the motion shows that Antunez placed the motion in the hands of prison officials for mailing on February 21, 2011; thus, making it timely under the mailbox rule. See Haag v. State, 591 So.2d 614, 617 (Fla.1992) (Under the “mailbox rule,” a pro se postconviction relief motion is deemed filed on the date the inmate relinquishes control of the document to State officials for delivery.). We therefore reverse the order denying Antunez’s motion for postconviction relief and remand for consideration on the merits. See Lawson v. State, 107 So.3d 1228, 1229 (Fla. 2d DCA 2013).
REVERSED AND REMANDED.
GRIFFIN, SAWAYA and BERGER, JJ., concur.