PALMER, J.
Tony Lemar Fisher (defendant) appeals the restitution order entered against him. Because the order improperly awards restitution for items not included in the defendant’s original sentence, we reverse.
The defendant attacked the victim causing injuries to her hands and wrists. He pled guilty to the charge of attempted first-degree murder with a deadly weapon and burglary of a dwelling while armed. Under the terms of the plea agreement, the defendant agreed to pay restitution to the victim for treatment and therapy. Specifically, at the sentencing hearing (held in 1997), the court ordered the defendant to pay “on going” restitution to the victim for “medical, physical, psychiatric and psychological care, including non-medical care and treatment given under any recognized method of healing.”
Upon the defendant’s release from prison in 2012, his probation officer could not determine the amount of restitution due the victim. Accordingly, another restitution hearing was held. At that hearing, the State requested the court to grant restitution to. the victim in the amount of her student loans; the State did not request restitution for medical care and re *414 lated services. The trial court awarded the restitution sought by the State, determining that the victim’s severe hand injuries prevented her from doing manual labor and prompted her to seek a college education so she could gain employment.
The defendant argues that the trial court violated his constitutional protection against double jeopardy by ordering him to pay the victim restitution to cover her student loans because the ruling increased his sentence.[1] We agree.
It is a double jeopardy violation for a trial court to increase the amount of restitution a defendant is required to pay after the sentence is entered and payment of restitution is ordered. See Strickland v. State, 681 So.2d 929 (Fla. 3d DCA 1996). Thus, the instant restitution order violated the defendant’s double jeopardy rights because it imposed an obligation to pay the victim’s student loans when the original restitution order required restitution only for expenses related to the victim’s medical costs. Accordingly, we reverse the restitution order and remand for a new restitution hearing. See Locus v. State, 785 So.2d 594 (Fla. 1st DCA 2001). At such hearing, the State can seek the full amount of restitution due for the victim’s “medical and related services and devices related to physical, psychiatric and psychological care, including non-medical care and treatment rendered in accordance with a recognized method of healing.”
REVERSED and REMANDED.
TORPY, C.J. and ORFINGER, J., concur.

. Although the defendant failed to raise this argument during the restitution hearing, it is authorized because errors that violate a defendant's double jeopardy rights are deemed fundamental. See Bailey v. State, 21 So.3d 147 (Fla. 5th DCA 2009).