NORTHCUTT, Judge.
Matthew Thompson appeals the postcon-viction court’s dismissal of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850 as untimely. We reverse.
The postconviction court’s order rendered on February 6, 2013, granted Mr. Thompson a forty-five-day extension of time to file his rule 3.850 motion. See Fla. R.Crim. P. 3.050. The forty-fifth day following this order was Saturday, March 23, 2013, so Mr. Thompson had until Monday, March 25, 2013, to file his rule 3.850 motion. See Fla. R.Crim. P. 3.040; Fla. R. Jud. Admin. 2.514(a)(1)(C). Although Mr. Thompson’s motion does not contain a certificate of service, the summary record shows that his rule 3.850 motion was timely filed since the correctional institution’s date-stamp on the face of the motion demonstrates that he placed the motion in the hands of prison officials for mailing on March 25, 2013. See Haag v. State, 591 So.2d 614, 617 (Fla.1992) (holding that a pro se inmate’s rule 3.850 motion is deemed filed under the “mailbox rule” when the inmate places the motion in the hands of prison officials for mailing); Westley v. State, 903 So.2d 312, 313 (Fla. 2d DCA 2005) (“[Wlhen a document lacks a certificate of service, as in this case, then the date on the face of the motion is controlling.” (citing Haag, 591 So.2d at 617 n. 3)). Accordingly, we reverse the dismissal of Mr. Thompson’s motion as untimely and remand for consideration of the motion as timely filed.
Reversed and remanded.
VILLANTI and BLACK, JJ., Concur.