NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROBERT ARMSTRONG,          )
                           )
            Appellant,     )
                           )
v.                         )          Case No. 2D14-1600
                           )
STATE OF FLORIDA,          )
                           )
            Appellee.      )
_____)

Opinion filed September 24, 2014.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Sarasota County; Charles E. Roberts,
Judge.

Robert Armstrong, pro se.

PER CURIAM.

Robert Armstrong filed a motion for postconviction relief under Florida

Rule of Criminal Procedure 3.850 on February 29, 2012. The postconviction court

dismissed the motion as untimely, erroneously relying on the February 24, 2010, date of

a memorandum of sentencing for the filing date of Armstrong's judgment and sentence

and concluding that Armstrong's motion should have been filed by February 23, 2012.

In addition to relying upon the wrong document for determining the date on which

Armstrong's rule 3.850 filing time began to run, the postconviction court overlooked the

rule that the time for filing a postconviction motion is triggered by the date on which the

judgment and sentence become final.  See Fla. R. Crim. P. 3.850(b).  When no appeal is filed, finality occurs thirty days after rendition of the judgment and sentence, which is the date on which the time for filing the notice of appeal expires.  Westley v. State, 903 So. 2d 312, 313 (Fla. 2d DCA 2005); Davis v. State, 687 So. 2d 292, 293 (Fla. 2d DCA 1997).

Armstrong's judgment and sentence were rendered on March 3, 2010. Because Armstrong did not file a notice of appeal, his judgment and sentence were final on April 2, 2010, and Armstrong's February 29, 2012, motion was filed well within the two-year time limit.  Accordingly, we reverse the postconviction court's order dismissing Armstrong's motion as untimely and remand for consideration on the merits.

Reversed and remanded.


ALTENBERND, LaROSE, and MORRIS, JJ., Concur.