MARSTILLER, J.
Michael Boyington appeals a final order denying his October 2013 and January 2014 postconviction motions, filed under Florida Rule of Criminal Procedure 3.850, on the ground that they are untimely. For the reasons discussed below, we conclude the motions were incorrectly denied.
In 2008, following a jury trial, Boyington was convicted of attempted second-degree murder and aggravated assault with a firearm. This Court affirmed the convictions and sentences in August 2011. Boyington v. State, 67 So.3d 202 (Fla. 1st DCA 2011) (Table). Boyington asked for and was granted an extension of time to file a motion for rehearing. He did so, and we denied the motion on October 17, 2011, at which point the judgment of conviction became final.
Thereafter, Boyington filed in the circuit court several postconviction motions. Pertinent here are his pro se amended rule 3.850 motion filed on October 15, 2013, a pro se supplemental amended motion filed on October 16, 2013,[1] and “Defendant’s *1024 Verified Amended Motion for Post-Conviction Relief’ filed through counsel on January 20, 2014. Mistakenly determining that Boyington’s convictions became final on September 6, 2011, the court concluded the October 2013 motions were untimely, which rendered the January 2014 motion untimely, as well.
As the State concedes, Boyington’s October 2013 motions indeed were timely, having been filed within two years of his judgment of conviction becoming final. See Fla. R. Crim. P. 3.850(b). In addition, the lower court observed that the January 2014 amended motion “enlarges some of the grounds for relief from the previously filed pleadings.” If that is so, the court may consider those claims even though the motion was filed beyond the two-year time limit for rule 3.850 motions. See Lanier v. State, 826 So.2d 460 (Fla. 1st DCA 2002) (“A trial court may properly deny an amended rule 3.850 motion as untimely when it raises new claims and is filed outside of the two-year time period. The two-year time period, however, does not preclude the enlargement of issues which were raised in a timely filed motion for postconvietion relief.”). Accordingly, we REVERSE the order denying as untimely Boyington’s October 15 and 16, 2013, and January 20, 2014, motions for postconviction relief and REMAND for further proceedings consistent with this opinion.
BENTON and ROWE, JJ., concur.

. See Fla. R. App. P. 9.420(a)(2) (setting forth the "mailbox rule” for pro se inmate filings).