# Third District Court of Appeal

## State of Florida

Opinion filed November 04, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2315
Lower Tribunal No. 07-19315B
_____

**Richard Jackson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Stephen T. Millan, Judge.

Richard Jackson, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SHEPHERD, ROTHENBERG, and SCALES, JJ.

ROTHENBERG, J.

The defendant, Richard Jackson, appeals from the denial of his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850 based on the trial court's determination that the motion was untimely. Because the record before this Court demonstrates that the motion was timely filed within the two-year time limit provided by rule 3.850 based on the "mailbox rule," we reverse the order denying the defendant's motion for postconviction relief and remand for consideration on the merits. See Griffin v. Sistuenck, 816 So. 2d 600, 601 (Fla. 2002) ("Under the mailbox rule, a notice is deemed filed when it is delivered to prison authorities for mailing."); Haag v. State, 591 So. 2d 614, 617 (Fla. 1992) (holding that under the "mailbox rule" a pro se inmate's document is "deemed filed at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing," which is usually when "the inmate places the document in the hands of prison officials"); Lawson v. State, 107 So. 3d 1228, 1229 (Fla. 2d DCA 2013) (quoting Pagan v. State, 899 So. 2d 1203, 1204 (Fla. 2d DCA 2005)) ("[U]nder the mailbox rule, a pro se inmate's document is deemed filed when the inmate entrusts the document to prison officials for further delivery or processing.").

Reversed and remanded.