IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JEFFERY McDONALD,

        Appellant,

v.                                              Case No.  5D15-2889

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed May 27, 2016

3.850 Appeal from the Circuit
Court for Volusia County,
Randell H. Rowe, III, Judge.

Jeffery McDonald, Lowell, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Douglas T. Squire, and
Andrea K. Totten, Assistant Attorney's
General, Daytona Beach, for Appellee.

PER CURIAM.

Jeffery McDonald appeals the trial court's final order denying his motion to rule on his second addendum to motion for postconviction relief under Rule 3.850 ("second addendum"). In denying the motion, the trial court also summarily denied McDonald's second addendum, finding that it was "never properly filed with the Clerk or served on the State."

McDonald's second addendum bears a prison stamp indicating that it was handed over for mailing on February 9, 2012, which was within two years of his judgment and sentence becoming final. Under the mailbox rule, which establishes the date the motion was put into the hands of a prison official for mailing as the date of filing, the second addendum should have been presumed timely. See Fla. R. Crim. P. 3.850(b); see also Fla. R. App. P. 9.420(a)(2). Where such a presumption arises, the burden shifts "to the State to prove that the document was not timely placed in prison officials' hands for mailing." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000); see also Rosier v. State, 144 So. 3d 604, 605-06 (Fla. 2d DCA 2014).

This type of factual dispute cannot be resolved without an evidentiary hearing. See Mathews v. State, 958 So. 2d 1104, 1105 (Fla. 4th DCA 2007) (reversing summary denial of motion for leave to refile motion for postconviction relief and remanding for the trial court to hold an evidentiary hearing on finding facially sufficient defendant's allegation that he timely filed the original motion under the mailbox rule); see also Pagan v. State, 899 So. 2d 1203, 1205 (Fla. 2d DCA 2005) (reversing and remanding for an evidentiary hearing to determine whether the defendant timely filed his motion by entrusting it to prison officials within filing period). Accordingly, we reverse and remand for the requisite evidentiary hearing.

REVERSED and REMANDED.

LAWSON, C.J., PALMER and COHEN, JJ., concur.

2