AIN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

AARON MICHAEL ANNATONE,

      Appellant,

 v.                                  Case No.  5D15-4097

STATE OF FLORIDA,

      Appellee.
_____/

Opinion filed August 12, 2016

Appeal from the Circuit Court
for Volusia County,
Terence R. Perkins, Judge.

James S. Purdy, Public Defender, and
Robert E. Wildridge, Assistant Public
Defender, Daytona Beach, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.


LAWSON, C.J.

      Aaron Annatone appeals the portion of his sentence that increased restitution from

$4500 to $45,000 after the plea and sentencing hearing concluded.  Annatone argues

that this increase violated the prohibition against double jeopardy.  Finding no double

jeopardy violation, we affirm.

Aaron Annatone and two other co-defendants were charged with multiple burglaries, thefts, and other crimes, in multiple charging documents. Annatone faced potential life sentences on several of the more serious charges, and significant term-of-years sentences on other charges. Ultimately, all co-defendants entered negotiated pleas to resolve all cases and all charges. One of the plea terms, to which Annatone agreed, was full restitution to the victims. The restitution amounts were to be reflected in civil judgments in favor of each victim, with Annatone and his other co-defendants jointly and severally liable for the agreed restitution amounts. One of the co-defendants entered pleas prior to trial. On the day of trial, both Annatone and his remaining co-defendant (his brother) decided to accept the State's offer—with Aaron Annatone (hereinafter "Appellant") the first of the two brothers to enter his plea. With respect to this case and the restitution amount, the prosecutor explained the offer for Appellant's brother, as follows:

> And then on the other cases there . . . plea to grand theft. Adjudication, 15 years DOC, restitution is 45,000 to . . . [the victim], joint and several, converted to civil judgment, concurrent to the other sentence.

A few seconds later, the prosecutor outlined Appellant's plea offer for that same charge:

> 2013-305892, plea to grand theft. Adjudication, 12 years DOC, 45,000 to the victim joint and several, converted to a civil judgment.

When Appellant and his brother decided to accept the plea offers (resolving all cases with reduced charges and an overall sentence, for Appellant, of twelve years in prison, with no probation to follow), the court took a break while the attorneys and defendants completed written plea forms—one for each of Appellant's four cases. When the proceedings resumed a few minutes later, Appellant's counsel reviewed the

2

agreement again on the record, explaining with respect to this charge and restitution amount:

> In the case ending in 892, he's going to be pleaing [sic] to grand theft over $20,000. It's going to be adjudication of guilt, 12 years Department of Corrections with credit for 1,012 days. There's going to be restitution in the amount of 45,000 to [the victim] joint and several with co-defendants, converted to civil judgment, and that is going to be run concurrent to—the court costs in all cases is going to be concurrent to all current sentence [sic] and all sentences pled to today.

Immediately thereafter, the trial judge administered an oath to Appellant, and conducted a thorough plea colloquy. As part of this colloquy, Appellant confirmed that "by signing those [four] plea agreements . . . [he was] indicating [his] agreement to the terms of the plea *that [his counsel] just described . . . in open court*" (emphasis added).

Although the record clearly reflects that the agreed restitution in this case was $45,000, the plea form submitted to the court erroneously reflected a restitution amount of $4500. And, in pronouncing sentence, the trial court announced this lower amount. After the pronouncement of sentence, Appellant was led from the courtroom and his attorney left. The judge then began the plea hearing for Appellant's brother. When discussing the brother's pleas, the judge recognized the discrepancy between the amount he had read into the record a few minutes earlier and the supposedly joint and several obligation for a much higher amount on the brother's plea form. The prosecutor confirmed what both she and Appellant's counsel had explained at Appellant's plea hearing a few minutes earlier—that the agreed restitution amount for this case (and for all co-defendants) was $45,000. The prosecutor suggested that when the restitution order was entered, it should be in the correct amount of $45,000—and stated that she would discuss the matter with Appellant's counsel and submit a proposed restitution order later.

3

However, the record does not indicate whether the discussion took place. The next relevant matter of record occurred one week after the sentencing hearing when the trial court entered a written restitution order reflecting the $45,000 amount, instead of the orally pronounced amount of $4500.

Appellant argues that this increase in restitution violated double jeopardy principles,[1] relying on the general rule that increasing a lawful sentence after a defendant has begun to serve it violates the double jeopardy protection against multiple punishments for the same offense. *See, e.g., Ashley v. State*, 850 So. 2d 1265, 1267 (Fla. 2003) ("Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles." (citations omitted)).[2] There is, however, an exception. As explained in *Dunbar v. State*, 89 So. 3d 901 (Fla. 2012) (expressly distinguishing *Ashley*):

> As it relates to barring multiple punishments for the same offense in the noncapital sentencing context
>
> > the application of the double jeopardy clause . . . turns on the extent and legitimacy of a defendant's expectation of finality in that sentence. If a defendant has a legitimate expectation of finality, then an increase in that

---

[1] The State correctly notes that Appellant did not properly preserve this issue below; however, we have previously upheld review in a similar situation finding that "errors that violate a defendant's double jeopardy rights are deemed fundamental." *Fisher v. State*, 124 So. 3d 413, 414 n.1 (Fla. 5th DCA 2013).

[2] This general double jeopardy principle also applies to any restitution amounts announced as part of the sentence. *See, e.g., Kittelson v. State*, 980 So. 2d 533, 535 (Fla. 5th DCA 2008) ("[O]nce the court has entered an order setting the amount of restitution, jeopardy attaches . . . thereby precluding the court from modifying the amount." (alterations in original) (citations omitted)); *Conney v. State*, 981 So. 2d 626, 630 (Fla. 2d DCA 2008) ("Increasing a restitution amount violates a defendant's right to not be twice placed in jeopardy, even when the original restitution amount was based on a mistake or faulty information." (citing *Ely v. State*, 855 So. 2d 90, 91 (Fla. 2d DCA 2003))).

4

> sentence is prohibited by the double jeopardy clause. If, however, there is some circumstance which undermines the legitimacy of that expectation, then a court may permissibly increase the sentence.

*Id.* at 904-05 (alterations in original) (quoting *United States v. Fogel*, 829 F.2d 77, 87 (D.C. Cir. 1987)); *cf. United States v. DiFrancesco*, 449 U.S. 117, 139 (1980).

In our view, a defendant who agrees to a restitution amount as part of a negotiated plea agreement has no legitimate expectation of finality in the pronouncement of restitution in an amount lower than that to which he agreed, when the court has accepted the agreement and is simply attempting to impose the agreed sentence.[3]  The Utah Supreme Court reached the same conclusion.  *See State v. Rodrigues*, 218 P.3d 610, 619 (Utah 2009) (holding that double jeopardy principles did not prevent trial court that ordered restitution pursuant to a plea agreement from increasing the restitution amount in response to the state's motion where "there had been a misstatement of what was actually owed and the increased restitution merely reflected what the parties had agreed to under the plea agreement").  In *Rodrigues*, the court concluded, correctly in our view,

---

[3] The conviction and sentence do not become "final" until the thirty-day appeal period has passed, at the earliest.  *See, e.g., Armstrong v. State*, 148 So. 3d 127, 128 (Fla. 2d DCA 2014) ("When no appeal is filed, finality occurs thirty days after rendition of the judgment and sentence . . . .").  If no correction were made within that thirty-day window, the defendant might then gain an expectation of finality.  *Cf. Dunbar*, 89 So. 3d at 906 ("When a trial court fails to pronounce nondiscretionary sentencing terms, the defendant has no legitimate expectation in the finality of that sentence, at least until the reviewing court has issued a mandate or the time for filing an appeal has run."); *but also cf. United States v. Lundien*, 769 F. 2d 981 (4th Cir. 1985) (constitutional protections may be implicated "when a sentence is enhanced after the defendant has served so much of his sentence that his expectations as to its finality have crystallized and it would be fundamentally unfair to defeat them").  Here, however, the mistake was caught almost immediately, and the restitution order now appealed was entered only one week after the plea and sentencing proceeding.

that the defendant "had no legitimate expectation of finality in the original order of restitution because it did not reflect what he had agreed to in the plea agreement." *Id.* at 619-20.

AFFIRMED.

WALLIS and EDWARDS JJ., concur.