# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1141

_____

TONY E. SMITH,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Marianne L. Aho, Judge.

April 25, 2018

PER CURIAM.

This is an appeal from an order on a motion for clarification of sentence, which we have treated as an appeal from a summary ruling on a postconviction motion pursuant to Florida Rule of Appellate Procedure 9.141(b)(2). We reverse and remand for correction of Appellant's judgments and sentences insofar as they contain conflicting sentencing provisions, which are also inconsistent with Appellant's plea agreement.

Appellant entered a negotiated guilty plea to armed robbery with a firearm in six cases: case numbers 2014-CF-2685, 2014-CF-2746, 2014-CF-2747, 2014-CF-2748, 2014-CF-2749, and 2014-CF-2750. The plea agreement clearly provided that the ten-year mandatory minimum sentences in all of Appellant's cases would

run concurrently except for the sentence in case number 2014-CF-2685, which would run consecutively to the sentence in case number 2014-CF-2746. Thus, Appellant would serve concurrent sentences in case numbers 2014-CF-2746, 2014-CF-2747, 2014-CF-2748, 2014-CF-2749, and 2014-CF-2750, after which he would then serve the sentence in case number 2014-CF-2685.

However, the judgments and sentences erroneously reflect that Appellant is to serve the sentence in case number 2014-CF-2685 concurrently with—instead of consecutively to—the sentences in case numbers 2014-CF-2747, 2014-CF-2748, 2014-CF-2749, and 2014-CF-2750. Further, the judgments and sentences reflect that although the sentence in case number 2014-CF-2685 is to run consecutively to the sentence in case number 2014-CF-2746, the sentences in both of these cases are to run concurrently with the sentences in case numbers 2014-CF-2747, 2014-CF-2748, 2014-CF-2749, and 2014-CF-2750. It is axiomatic that two consecutive prison sentences cannot both run concurrently with a third prison sentence where all three sentences are of equal length.

The judgments and sentences must be corrected to consistently reflect the sentence structure outlined by the negotiated plea agreement. Thus, we reverse and remand with directions that that trial court correct the judgment and sentence in case number 2014-CF-2685 by removing all reference to the sentence running concurrently with the sentences in case numbers 2014-CF-2747, 2014-CF-2748, 2014-CF-2749, and 2014-CF-2750. Moreover, we direct the trial court to correct the judgments and sentences in case numbers 2014-CF-2747, 2014-CF-2748, 2014-CF-2749, and 2014-CF-2750 by removing all reference to the sentences therein running concurrently with the sentence in case number 2014-CF-2685. To the extent Appellant claims that double jeopardy principles require that all of his sentences run concurrently, Appellant has no legitimate expectation of finality in a sentence structure that is inconsistent with his negotiated plea agreement. *See Annatone v. State*, 198 So. 3d 1031, 1033-35 (Fla. 5th DCA 2016) (citing *Dunbar v. State*, 89 So. 3d 901 (Fla. 2012)); *see also Martinez v. State*, 216 So. 3d 734, 739-40 (Fla. 4th DCA 2017) (en banc).

REVERSED and REMANDED with directions.

LEWIS, ROBERTS, and JAY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Tony E. Smith, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Virginia C. Harris, Assistant Attorney General, Tallahassee, for Appellee.