# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-4581
_____

RONDLE L. SNODGRASS III,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Marianne L. Aho, Judge.

August 30, 2019


PER CURIAM.

Appellant, Rondle L. Snodgrass III, appeals the summary denial of his amended motion for postconviction relief that was filed pursuant to Florida Rule of Criminal Procedure 3.850 and argues that the trial court erred in determining that the motion was untimely and in denying his motion for rehearing. We agree with Appellant and remand the case to the trial court for an evidentiary hearing.

Appellant was found guilty of first-degree murder in 2013 and was sentenced to life imprisonment. Following our affirmance of Appellant's conviction and sentence, this Court's mandate issued in August 2015. Appellant filed an amended motion for postconviction relief in December 2017, arguing that the issues

raised therein were ripe and timely as the "sole issues argued within relate[] back to the one ground/grounds initially presented in his timely-filed Rule 3.850 motion, and only expound[] upon the claims already before the court (File date: 5/4/16)." The trial court entered an order denying Appellant's amended rule 3.850 motion on the grounds that it was filed outside of rule 3.850's two-year time period and that Appellant never filed an initial or original rule 3.850 motion.

Appellant filed a motion for rehearing as to the denial of his amended rule 3.850 motion by providing it to prison officials on June 27, 2018; the clerk's office stamped the motion on July 2, 2018. Appellant argued that the trial court's order denying his amended rule 3.850 motion was based on the mistaken belief that he never filed an original rule 3.850 motion. Appellant attached a Motion for Post-Conviction Relief to his motion for rehearing. That motion contains a stamp reading "Outgoing Legal Mail Provided to Taylor C.I. for Mailing on 5-4-16." There is a signature above "OFFICER INT." The motion looks as if it contains a clerk's office "Filed" stamp as well, but only part of the "F" is visible. Appellant's certificate of service was dated May 4, 2016.

By order, the trial court directed the State to respond to Appellant's motion for rehearing. The trial court noted that the case docket showed no original rule 3.850 motion ever having been filed by Appellant. After noting that Appellant filed what he claimed was his original rule 3.850 motion, the trial court set forth:

> This Court reiterates that this purported May 4th Motion is absent from the Docket in Defendant's case. Additionally, this Court notes two peculiarities about the attached exhibit. First, Defendant has used whiteout in an attempt to conceal the date of the Clerk's filing stamp. Upon holding the paper up to bright lighting, it is clear that the Clerk's stamp shows a filing date of July 2, 2018. Second, there are a number of dark marks and/or lines visible on the title page of the purported Motion. One of these lines appears near the exhibit's prison mail stamp. While the prison mail stamp indeed displays a date of May 4, 2016, the dark line adjacent to the stamp gives rise to the possibility that a copy and paste method has

2

been used to import the prison stamp from Defendant's May 4, 2016 "Motion to Correct Sentence" to his current exhibit.

In its "sound discretion and out of an abundance of caution," the trial court directed the State to let it know whether it possessed any information concerning the authenticity of Appellant's claim that he filed his original rule 3.850 motion in May 2016.

Thereafter, Appellant filed a "Notice in Re" with the trial court. With respect to the trial court's mention of white out and a July 2, 2018, date on his original motion, Appellant noted that he provided his motion for rehearing to prison officials on June 27, 2018, and asserted, "Thus, this 'whited out' clerk's stamp apparently occurred five (5) days AFTER Defendant filed his 'motion for rehearing.' This renders it impossible for Defendant to be responsible for the alleged 'whited out' clerk's stamp . . . ." Appellant reasoned that the only viable explanation was that the clerk's official mistakenly stamped the attachment to his motion for rehearing and then used white out to correct the mistake. As to the trial court's mention of lines on the title page of his initial rule 3.850 motion, Appellant claimed that an evidentiary hearing was necessary.

Following the State's response that it did not possess any additional information not already known to the court, the trial court entered an order denying Appellant's motion for rehearing wherein it explained that, after reviewing the State's response, it was "all the more convinced" that Appellant did not file a rule 3.850 motion on May 4, 2016, or at any other time prior to December 2017. This appeal followed.

Appellant correctly argues on appeal that to the extent the trial court relied upon the case docket in denying his amended rule 3.850 motion as being untimely, that reliance was misplaced. Under the mailbox rule, which has been adopted in Florida, a petition or notice of appeal filed by a pro se inmate is deemed filed at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the state. *Haag v. State*, 591 So. 2d 614, 617 (Fla. 1992). There is no question in this case that what Appellant claims was his

3

original rule 3.850 motion had a signed prison stamp date of May 4, 2016, which would have made the motion timely under rule 3.850 as it was filed within two years of the issuance of the mandate in Appellant's direct appeal. Although Appellant filed an amended motion outside of rule 3.850's two-year time period, the trial court correctly recognized that if an amended rule 3.850 motion is filed outside of the pertinent two-year time period, a court may consider such a motion if it "'enlarges some of the grounds for relief from the previously filed pleadings.'" *Boyington v. State*, 172 So. 3d 1023, 1024 (Fla. 1st DCA 2015) (citation omitted).

While the trial court found what it considered to be two peculiarities in what Appellant claimed was his original rule 3.850 motion, Appellant correctly noted below that he provided to prison officials his motion for rehearing with his attached original rule 3.850 motion in June 2018. Therefore, if the original rule 3.850 motion contained a whited-out July 2018 "filed" date, the more logical explanation, as Appellant contended, was that the clerk's office mistakenly stamped the original rule 3.850 motion when it stamped his motion for rehearing. As for the trial court's suspicion that Appellant may have somehow copied and pasted the prison stamp from another motion he filed in May 2016 to his original rule 3.850 motion, that suspicion does not conclusively refute Appellant's claim that the motion was timely filed.

Case law supports Appellant's argument that an evidentiary hearing on the issue of timeliness is warranted. For instance, in *Pagan v. State*, 899 So. 2d 1203, 1204 (Fla. 2d DCA 2005), the appellant appealed the trial court's summary denial of his rule 3.850 motion for being untimely. The Second District explained that the appellant filed a motion to refile his rule 3.850 motion in March 2004. *Id.* He alleged that he originally filed the motion for relief by delivering it to prison officials in December 2002. *Id.* The appellant attached a copy of his original motion, which showed a date of September 7, 2002, as the date that it was signed and delivered to prison authorities for mailing. *Id.* The trial court noted the discrepancy in the dates, and the appellant asserted that the reference to December was a typographical error. *Id.* The trial court stated that it was not convinced that the appellant had submitted the original motion to prison officials in December and

4

treated the motion for refiling and the original motion as filed when they were received by the court in March 2004. *Id.* On that basis, the court concluded that the postconviction motion was untimely. *Id.* The Second District reversed, noting that if the original motion had been entrusted to prison officials in September 2002, then it appeared that the motion was timely filed under the mailbox rule. *Id.* The Second District concluded, "Under these circumstances, we conclude that Pagan's allegation that he timely filed the original motion by delivering it to prison officials is a facially sufficient claim requiring an evidentiary hearing." *Id.* at 1205. It further set forth, "If Pagan establishes the timely entrustment of his motion, and if the State challenges [his] assertion that the motion was timely filed, 'there is a rebuttable presumption that the document was timely filed on the date reflected in the certificate of service.'" *Id.*; *see also McDonald v. State*, 192 So. 3d 633, 634 (Fla. 5th DCA 2016) (reversing and remanding for an evidentiary hearing where although the trial court found that the appellant's rule 3.850 motion was never filed with the clerk or served on the state, the appellant's second addendum "bears a prison stamp indicating that it was handed over for mailing on February 9, 2012, which was within two years of his judgment and sentence becoming final" and setting forth that "[u]nder the mailbox rule . . . the second addendum should have been presumed timely" and that "[w]here such a presumption exists, the burden shifts 'to the State to prove that the document was not timely placed in prison officials' hands for mailing"); *Doty v. State*, 792 So. 2d 1248, 1248-49 (Fla. 2d DCA 2001) (reversing the order summarily denying the appellant's petition to file a belated motion under rule 3.850 where the appellant alleged that he placed a timely rule 3.850 motion in the custody of the prison guards and attached to his petition various documents and affidavits that supported his claim and remanding "for an evidentiary hearing so that appellant may have the opportunity to prove that his 3.850 motion was timely placed in the custody of prison officials"); *Bray v. State*, 702 So. 2d 302, 302 (Fla. 1st DCA 1997) (noting that although the record showed that the appellant's rule 3.850 motion was received by the clerk's office in March 1997, the record also contained two documents attesting to an earlier timely filing of the motion, "i.e., that Bray submitted the original 3.850 motion to prison officials for mailing on December 27, 1997," explaining that if the appellant's assertion was correct, his

postconviction motion was timely filed in accordance with the mailbox rule, and holding that because there was a factual issue presented, reversal and remand for an evidentiary hearing was necessary).

Accordingly, because a factual issue remains as to the filing of Appellant's original rule 3.850 motion, we reverse the order on appeal and remand for an evidentiary hearing.

REVERSED and REMANDED for an evidentiary hearing.

LEWIS, OSTERHAUS, and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Rondle L. Snodgrass III, pro se, Appellant.

Ashley Moody, Attorney General, and Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.